UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI,

        Plaintiff,

v.

MOISES JIMENEZ and CITY OF DETROIT,

        Defendants.

                                   /

Case No. 2:20-cv-10719

HONORABLE STEPHEN J. MURPHY, III

## **OMNIBUS OPINION AND ORDER**

Plaintiff Alexandre Ansari filed a complaint against Moises Jimenez and the City of Detroit pursuant to 42 U.S.C. § 1983. ECF 1. According to the complaint, a state court jury convicted Plaintiff of first-degree murder and two counts of assault with intent to murder. *Id.* at 5. He was sentenced to life in prison without the possibility of parole. *Id.* Years later, the Wayne County Conviction Integrity Unit investigated Plaintiff's case. *Id.* at 6–8. After the investigation, the Wayne County Prosecutor determined that Plaintiff was factually innocent of the crimes for which he had been convicted. *Id.* at 7–8. Plaintiff's convictions were overturned, and the charges against him dismissed. *Id.* at 8.

Defendant Jimenez was a Detroit Police Department detective and the officer-in-charge of the investigation that led to Plaintiff's prosecution. *Id.* at 2–3. Plaintiff claimed that Defendant Jimenez violated his constitutional rights in three ways. First, Plaintiff alleged that Defendant Jimenez fabricated the identification of

1

Plaintiff by two witnesses during lineups in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments. *Id.* at 10–11. Second, Plaintiff alleged that Defendant Jimenez made false statements and material omissions that led to Plaintiff's prosecution in violation of his Fourth Amendment right to be free from malicious prosecution. *Id.* at 12–14. And third, Plaintiff alleged that Defendant Jimenez did not disclose material exculpatory evidence in his possession in violation of Plaintiff's Fourteenth Amendment due process right. *Id.* at 14–15. For the City, Plaintiff alleged that the City had policies and customs that resulted in Defendant Jimenez fabricating evidence, withholding material exculpatory evidence, and wrongfully prosecuting Plaintiff. *Id.* at 15–17.

The parties are currently in the midst of discovery with a deadline fast approaching. *See* ECF 24. In early December 2021, Plaintiff served a notice of deposition on Marc Deluca, a lieutenant in the Detroit Police Department. ECF 26-2. Plaintiff also noticed the Detroit Police Department to provide Federal Rule of Civil Procedure 30(b)(6) organizational witnesses for deposition. *See* ECF 25-5, PgID 144–47. Before the depositions of Lt. Deluca and the Rule 30(b)(6) witnesses could take place, counsel for the City cancelled the depositions. ECF 26-3, PgID 172–73.

The City then moved to quash the Rule 30(b)(6) deposition notice and for a protective order that would preclude Plaintiff from seeking what the City called "irrelevant" testimony, including the testimony of Lt. Deluca. ECF 25, PgID 121. Plaintiff responded with a motion to compel the depositions. ECF 26. The City argued that the Court should dismiss the City as Defendant because Plaintiff released all

2

claims against the City when Plaintiff accepted funds under the Michigan Wrongful Imprisonment Compensation Act, codified at Mich. Comp. Laws § 691.1751. ECF 25, PgID 119. But the City has not yet filed a motion to dismiss, and the Court will not sua sponte dismiss the claim against the City.

The issues are straightforward, so the Court will not hold a hearing on the motions. *See* E.D. Mich. L.R. 7.1(f)(2). Because the City misunderstands the purpose of the depositions, Rule 30(b)(6)'s requirements, and the factual record, the Court will deny the motion to quash and for a protective order and will grant the motion to compel.

## LEGAL STANDARD

Discovery matters are "committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (citations and quotations omitted). Discovery is limited to matters that are nonprivileged, relevant to a claim or defense, and proportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevant matters are construed broadly to include any information that "is reasonably calculated to lead to the discovery of admissible evidence." *Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (quotation omitted).

Upon a showing of good cause, courts may issue a protective order that "forbid[s] the disclosure or discovery" of certain material to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under Rule 26(c)(1), showing good cause requires the moving party "to make a particular and specific demonstration of fact, as distinguished from stereotyped and

conclusory statements[,]" with respect to the potential of the material to annoy, embarrass, oppress, unduly burden, or unduly cost the party. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (quotation omitted); *see Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quotation omitted).

In contrast, parties may move to compel discovery under Rule 37. The nonmoving party that objects to the discovery request has the burden of showing that "the discovery requests are improper" under the Federal Rules of Civil Procedure. *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (Murphy, J.) (quoting *Polylok, Inc.v. Bear Onsite, LLC*, No. 3:12-CV-00535, 2017 WL 1102698, at *3 (W.D. Ky. Mar. 23, 2017)). If the nonmoving party "raises an objection to discovery based on relevance, the burden shifts to the party seeking the information to demonstrate that the requests are relevant to the subject matter involved in the pending action." *Id.* at *2 (quoting *GCA Servs. Grp. v. ParCou, LLC*, No. 2:16-CV-02251, 2016 WL 7192175, at *3 (W.D. Tenn. Dec. 12, 2016)).

## DISCUSSION

The two motions involve the same depositions, and the analysis required to resolve both motions is interchangeable. The Court will therefore resolve both motions at one time.

The City first claimed that a deposition of Lt. Deluca is unreasonable if the claim against the City is dismissed. ECF 29, PgID 234–35. Lt. Deluca conducted an internal investigation into Defendant Jimenez's conduct and then issued an internal

4

affairs report. *Id.* Plaintiff obtained a copy of the report. *Id.* The report recommended that Defendant Jimenez be criminally charged for his conduct. ECF 26, PgID 160. Because Lt. Deluca does not have firsthand knowledge about the underlying events in his report, the City argued that his deposition should not take place. ECF 29, PgID 233.

But a necessary premise of the City's argument is that the deposition testimony would later be inadmissible at trial. And reliance on that premise is faulty. Under the Federal Rules of Civil Procedure, "[t]he scope of examination permitted . . . is broader than that permitted at trial." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500–01 (6th Cir. 1970) (per curiam) (citation omitted). Instead of the trial standard, "[t]he test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 501. A deposition of Lt. Deluca satisfies the test even for the claims against Defendant Jimenez because inquiry into Lt. Deluca's investigation, and the information he learned during that investigation, is not only reasonably calculated to lead to admissible evidence related to Defendant Jimenez's conduct, but is in fact likely to lead to such admissible evidence. *Id.* Because Lt. Deluca likely has firsthand knowledge of where Plaintiff can obtain admissible evidence, the deposition must go forward. Besides, given that Lt. Deluca interviewed Defendant Jimenez, ECF 4, PgID 160, testimony elicited during the deposition could lead to admissible impeachment evidence under Federal Rule of Evidence 801(d).

The City next claimed that Plaintiff noticed the deposition of Lt. Deluca as a Federal Rule of Civil Procedure 30(b)(6) witness and that Plaintiff failed to confer in

5

good faith about the scope of examination as required by the Rule. ECF 29, PgID 231. But Lt. Deluca's notice of deposition, issued on December 2, 2021, does not state that the deposition would be a Rule 30(b)(6) deposition. ECF 26-2, PgID 169–170. Confusion appears to have arisen during an email exchange that contained both the request for a Rule 30(b)(6) deposition and the notice of Lt. Deluca's deposition. ECF 26-5. The first email in the exchange, sent on November 21, 2021, requested that the City provide witnesses to sit for a Rule 30(b)(6) deposition. *Id.* at 180. The email did not specify that Plaintiff wanted Lt. Deluca to be one of those witnesses. *Id.* At some point, Lt. Deluca appears to have been selected as one of the Rule 30(b)(6) witnesses. *See id.* at 179. Plaintiff then sent the notice of Lt. Deluca's deposition in the same email thread, but the deposition of Lt. Deluca appears to be distinct from the Rule 30(b)(6) deposition because Plaintiff sent the email about the Rule 30(b)(6) deposition on November 21, 2021 and the email about Lt. Deluca's deposition on December 2, 2021. *See* ECF 26-2, PgID 170; ECF 26-5.

    As for Rule 30(b)(6)'s requirement that the parties "confer in good faith about the matters for examination," the record shows that Plaintiff did in fact confer in good faith with the City. Plaintiff's November 21, 2021 email that requested that the City provide Rule 30(b)(6) deponents contained an attachment that listed six categories for questioning and four categories of documents. ECF 26-5, PgID 180; ECF 26-4, PgID 176. And when the City had questions about the attachment, Plaintiff's counsel responded with further information about each category. ECF 25-5, PgID 144–45. The exchanges satisfied the confer in good faith requirement of Rule 30(b)(6).

In addition, although some categories for the Rule 30(b)(6) deposition appear to have issues related to the City's liability, *see* ECF 26-4, PgID 176, the information is also relevant to discovering admissible evidence on the claims against Defendant Jimenez.

Because the depositions could lead to relevant evidence and are not unduly burdensome or expensive, the Court will deny the motion to quash and for a protective order and grant the motion to compel. *Mellon*, 424 F.2d at 500–01; *Nemir*, 381 F.3d at 550. Thus, the Rule 30(b)(6) deposition and the deposition of Lt. Deluca must occur no later than February 25, 2022. *See* Fed. R. Civ. P. 26(c)(2).

Having decided the motion to compel in favor of Plaintiff, the Court must now decide whether to award Plaintiff reasonable costs and attorney fees. Plaintiff is entitled to an award of costs and attorney fees as long as Plaintiff satisfies Rule 37(a)(5)(A)'s requirements. ECF 26, PgID 165. First, the Court has offered both parties an opportunity to be heard. *See* Fed. R. Civ. P. 37(a)(5)(A); *Johnson v. Cleveland Heights/Univ. Heights Sch. Dist.*, 66 F.3d 326 (table), 1995 WL 527365, at *3 (6th Cir. Sept. 6, 1995) (per curiam) (holding that allowing the submission of written briefs offers the parties an opportunity to be heard). Second, Plaintiff attempted "in good faith" to schedule the depositions before filing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A)(i); ECF 26-3; ECF 26-5. Although Plaintiff meets the Rule 37 requirements, the Court will not order costs and fees because doing so would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). The motion to compel appeared to arise largely due to a misunderstanding on the part of the City regarding the Federal

7

Rules of Civil Procedure and the factual record, not because of gamesmanship. ECF 26-2; ECF 26-3; ECF 26-5. That said, the City must comply with the Court's order, or the Court will appoint a private discovery master and require the City to pay the full cost.

Finally, as discussed above, the Court understands that the City believes Plaintiff's claim for municipal liability is frivolous and that the City should be dismissed from the lawsuit. But the Court will not dismiss the City sua sponte without full briefing on the issue. And if the claim is frivolous, the Court hopes that the parties can resolve the dispute on their own so that the issues are narrowed for summary judgment.

**WHEREFORE**, it is hereby **ORDERED** that the motion to quash and for a protective order [25] is **DENIED**. The Rule 30(b)(6) deposition and the deposition of Lt. Deluca must **OCCUR no later than February 25, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel [26] is **GRANTED** and no costs are **AWARDED**.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: February 3, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2022, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager