UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI,

          Plaintiff,

v.

MOISES JIMENEZ and CITY OF DETROIT,

          Defendants.
_____/

Case No. 2:20-cv-10719

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS ORDER

Defendant City of Detroit moved for summary judgment on Plaintiff Alexandre Ansari's *Monell* claims. ECF 37, PgID 315–17. The City argued that Plaintiff's claims are barred by Michigan's Wrongful Imprisonment Compensation Act ("WICA"). *Id.* at 316. Plaintiff later moved for the Court to certify a question to the Michigan Supreme Court. ECF 45. Plaintiff explained that the Michigan Supreme Court should decide whether Mich. Comp. Laws § 691.1755(8) bars "a suit against a municipality in federal court based on the same subject matter if a [p]laintiff accepts judgment under the [WICA]." *Id.* at 483. Recently, Plaintiff moved under Federal Rule of Civil Procedure 41(a)(2) to dismiss the claims against the City "with prejudice and without costs to either party." ECF 50, PgID 653, 660.[1] In a somewhat unusual response, the City objected to the requested voluntary dismissal in its favor. ECF 55. The City

---

[1] Based on the parties' briefing, the Court will resolve the three motions on the briefs without a hearing. *See* Fed R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

instead wants the Court to rule on the summary judgment certification motions. *Id.* at 836. For the following reasons, the Court will dismiss the City of Detroit with prejudice and without costs to either party.

Under Rule 41(a)(2), the Court may dismiss a party "at the plaintiff's request . . . on terms that the [C]ourt considers proper." Although the Court "has discretion to grant a dismissal under Rule 41(a)(2)," the Rule protects defendants against "unfair treatment." *Est. of Chubb v. Daimler Trucks N. Am. LLC*, 850 F. App'x 358, 361 (6th Cir. 2021) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Courts consider four factors to determine whether a voluntary dismissal is proper. First, "the defendant's effort and expense of preparation for trial." *Grover*, 33 F.3d at 718. Second, evidence of "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action." *Id.* Third, the "explanation for the need to take a dismissal." *Id.* And fourth, "whether a motion for summary judgment has been filed by the defendant." *Id.* Courts generally abuse their discretion under Rule 41(a)(2) when "the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quotation marks and citations omitted).

The first and last factors narrowly favor the City of Detroit because the case has gone through discovery and the City has recently moved for summary judgment. ECF 24, PgID 111; ECF 37. But the second and third factors heavily favor Plaintiff. Plaintiff has been diligent and has not delayed the prosecution of the case. In

contrast, both the City of Detroit and Defendant Moises Jimenez have recently moved for the Court to reopen discovery after the discovery deadline already passed. ECF 42; 44. And dismissing the case now will bring closure to litigation for both sides that could otherwise last years. If the Court were to certify Plaintiff's question to the Michigan Supreme Court, the case would continue indefinitely without a resolution for either party and both parties would both incur significant costs on the certification process. Thus, the need for dismissal is strong—for both parties. Moreover, judicial resources would be wasted in the process since there is no strong reason to proceed: Plaintiff is willing to dismiss the claim. Put simply, the totality of factors favors dismissing the City with prejudice and without costs because Plaintiff will be barred from suing the City again for the wrongful conviction.

To that end, the City does not appear to disagree that a dismissal with prejudice would be appropriate; after all, the City moved for summary judgment and sought dismissal with prejudice. ECF 37. The City's main issue is with Plaintiff's counsel who represents other wrongfully convicted plaintiffs in different cases. ECF 55, PgID 835–36. The City claimed that without ruling on the motions for certification and summary judgment, Plaintiff's counsel will "continue to sue the City on future cases wherein the plaintiff has accepted WICA compensation." *Id.* at 835.

But there are two problematic issues with the City's reasoning. One, no Rule 41(a)(2) factor requires the Court to examine whether *counsel* for one party may file future lawsuits with different plaintiffs. To the contrary, the Rule specifically requires the Court to disregard whether a defendant may "fac[e] the mere prospect of

3

a second lawsuit." *Grover*, 33 F.3d at 718 (citations omitted). Two, even if the Court were to grant the City's summary judgment motion, nothing would prevent a different plaintiff from suing the City in federal court. To be sure, any ruling from the Court about how to interpret WICA is not binding on other federal courts. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 472 (6th Cir. 2008) (per curiam) ("No federal court has the final say on what [state] law means.").

Still, the City appeared to believe that Plaintiff's reading of WICA, and in turn his *Monell* claim against the City, are so frivolous that the City has a right to costs. ECF 55, PgID 824, 836. But Plaintiff's reading appears plausible from a textualist standpoint, and the claim is therefore legitimate—not frivolous. *See People v. Peltola*, 489 Mich. 174, 181 (2011) (the Michigan Supreme Court interprets words based on "their ordinary meaning and their context within the statute"). WICA provides:

> The acceptance by the plaintiff of an award under this act, or of a compromise or settlement of the claim, must be in writing and, unless it is procured by fraud, is final and conclusive on the plaintiff, constitutes a complete release of all claims against this state, and is a complete bar to any action *in state court* by the plaintiff against this state based on the same subject matter.

Mich. Comp. Laws § 691.1755(8) (emphasis added). Nothing in Section 1755(8)'s plain text prevents Plaintiff from suing the City in *federal court* for claims based on his wrongful conviction. *See id.* The Michigan Legislature could have simply written Section 1755(8) to bar claims "in state *and federal* court" or "in *any* court," but it did not. *See id.* In short, Plaintiff's reading of Section 1755(8) is not frivolous, and thus the City of Detroit would have no right to costs.

4

Because the present dispute against the City of Detroit is not frivolous, the Court will dismiss the City with prejudice and without costs to either party. Dismissal with prejudice is the relief that Plaintiff requested and will prevent the City from suffering any legal prejudice because Plaintiff's claims will be barred. The win-win result is not only proper but also treats the City fairly. As a result, the Court will grant the motion, ECF 50, and deny as moot the motion for summary judgment, ECF 37, and the motion for certification, ECF 45.

**WHEREFORE**, it is hereby **ORDERED** that the motion to enforce the settlement agreement [50] is **GRANTED**. The City of Detroit is **DISMISSED WITH PREJUDICE** and **WITHOUT COSTS** to either party.

**IT IS FURTHER ORDERED** that the summary judgment motion [37] and motion for certification [45] are **DENIED** as **MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 4, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 4, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager