## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ALEXANDRE ANSARI,**

     Plaintiff,

-vs-

**MOISES JIMENEZ, in his individual capacity,**

     Defendant.

Case No.: 2:20-cv-10719

Hon.: Stephen J. Murphy, III

---

**WOLF MUELLER (P43728)**
Mueller Law Firm
Attorneys for Plaintiff
41850 W. 11 Mile Road, Suite 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

**KRYSTAL CRITTENDON (P49981)**
City of Detroit Law Department
Attorney for Defendant Jimenez
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3049
(313) 224-5505 Fax
critk@detroitmi.gov

**SCOTT L. FEUER (P38185)**
Co-Attorney for Def. Moises Jimenez
888 West Big Beaver Road, Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
(248) 723-7857 Fax
sfeuer@fklawyers.com

---

## DEFENDANT MOISES JIMENEZ'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**NOW COMES** Defendant, Moises Jimenez, who states the following in

support of his **Motion to Dismiss Due to Lack of Subject Matter Jurisdiction**

pursuant to Federal Rule of Civil Procedure 12(h)(3), states as follows:

1

1. This matter is in record before this Honorable Court;

2. Plaintiff Alexandre Ansari claims that on September 13, 2013, he was caused to be wrongfully convicted of First-Degree Murder and two counts of Assault with Intent to Commit Murder.  Plaintiff claims that Defendant, former City of Detroit Police Officer Moises Jimenez, who was the Officer-In-Charge of the criminal investigations, caused his wrongful conviction and incarceration when he allegedly: (1) withheld exculpatory evidence in contravention of *Brady v. Maryland*; (2) knowingly and intentionally fabricated evidence against him and (3) created probable cause against Plaintiff by making false statements and omitting material facts.

3. This is a  42 U.S.C. §1983 and 1998 lawsuit arising out of the vacated criminal convictions.

4. Due to the serious allegations of wrongdoing asserted by Plaintiff against Defendant Jimenez (and the City of Detroit which has been granted summary judgment), Defendant expended extensive time conducting *factual* discovery in this case.  Defendant has recently uncovered some *procedural* defects which call into question whether Plaintiff's conviction was even lawfully vacated.

5. This is significant because federal precedents provide that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such determination or (4) called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

6. This principle, based on the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is known as "*The Heck Doctrine.*"  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.    *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Wolff v. McDonnell*, 418 U.S. 539 (1974).

7. The Supreme Court recently held that if a plaintiff can show that his criminal prosecution ended without a conviction, he satisfies the requirement to demonstrate a favorable termination of a criminal prosecution in a Fourth Amendment claim under § 1983 for malicious prosecution; an affirmative indication of innocence is not needed. *Thompson v. Clark*, 794 Fed. Appx. 140 (2022).

8. In this case, the following occurred (or failed to occur) with respect to the purported vacation of Plaintiff Ansari's conviction:

    a. Ansari's conviction was vacated by entry of a Stipulated Order signed by two Wayne County Prosecutor Office ("WCPO") Conviction

3

Integrity Unit ("CIU") employees and two Assistant Federal Defenders.   (Exhibit A - Stipulated Order Vacating Convictions and Sentences, Dismiss Charges and Ordering Defendant Released from the Michigan Department of Corrections);

b.  The Stipulated Order was submitted to Third Circuit Judge Thomas M.J. Hathaway on March 1, 2019 and is the first and only document submitted to Judge Hathaway.  (Exhibit B – Third Circuit Register of Actions);

c.  There was no Motion for Relief from Judgment filed pursuant to MCR 6.502 which preceded entry of the Stipulated Order;

d.  The Stipulated Order does not cite to MCR 6.502 nor state any authority for the relief sought;

e.  The Stipulated Order further does not state that there has been a finding of "actual innocence" nor contain any of the mandatory grounds which must be included in a Motion for Relief from Judgment pursuant to MCR 6.502(C)(1) through (15);

f.  The two sentences contained in the Stipulated Order do not describe the alleged "findings" of the CIU which would warrant that the conviction be vacated;

g.  The Stipulated Order is signed by CIU Attorneys and two Assistant Federal Defenders. Neither of the Assistant Federal Defenders is licensed to practice law in Michigan;

h.  Neither Assistant Federal Defender filed an Appearance to represent Ansari in the state court criminal case and were not appointed to do so by the Court;

i.  The Assistant Federal Defenders *were* appointed by USDC Judge Judith E. Levy pursuant to Rule 8(c), Rules Governing Section 2254 Cases and 18 U.S.C. § 3006A(a)(2)(B) to represent Ansari in a federal Habeas Corpus Petition Plaintiff filed pursuant to 18.U.S.C. § 3599. (Exhibit C - Order Appointing Counsel for Petitioner);

4

j.  At the time the Stipulated Order to vacate was entered by the criminal court judge, Plaintiff had state-court appointed counsel representing him in the criminal proceedings;

k.  After the vacation of his conviction, Ansari's Petition for a Writ of Habeas Corpus was dismissed as moot via entry of a Stipulated Order. The Order erroneously represented to the Federal Judge Levy that "Kym Worthy, the Wayne County Prosecutor, **moved** to vacate Mr. Ansari's judgment of conviction and sentence based on newly discovered evidence of **actual innocence**" and that Judge Hathaway "**granted the motion**."  (Exhibit D – Stipulation and Order Dismissing Alexandre Ansari's Petition for a Writ of Habeas Corpus);

l.  The Stipulated Order submitted to Judge Levy does not disclose that the two Assistant Federal Defenders appointed by Judge Levy to represent Mr. Ansari in the habeas proceeding actually stipulated to vacate Ansari's conviction.

9.      MCR 6.502 defines the procedure for seeking Relief from Judgment relative to a state criminal conviction and specifies certain information which must be included in the Motion, including the grounds upon which the relief is sought. No such Motion was ever filed on behalf of Mr. Ansari.

10. The statute upon which the Assistant Federal Defenders were appointed to represent Mr. Ansari, 18 U.S.C. § 3599(a)(2), provides for counsel only when a state petitioner is unable to obtain adequate representation.  *Irick v. Bell*, 636 F.3d 289 (6th Circ. 2019).

11.  In this case, because Mr. Ansari had state-appointed criminal counsel at the time that the Stipulated Order was purportedly executed by the Assistant Federal Defenders and because the Federal Defenders were not authorized to execute the

Stipulated Order, Mr. Ansari's criminal conviction was not properly and lawfully vacated.

12.   When a prisoner's civil rights claim is barred by the *Heck* doctrine, the best course is for a district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because a jurisdiction-related dismissal is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is later invalidated. *Murphy v. Martin*, 343 F.Supp.2d 603, 609 (2004).

13.   FRCP 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

14.    Defendant sought concurrence from Plaintiff's Counsel in the relief sought by this Motion on September 26, 2022 and such concurrence was denied.

**WHEREFORE**, based on the reasons stated herein in Defendant's Motion and accompanying Brief in Support of the Motion, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's cause, without prejudice, unless and until Plaintiff's criminal convictions are lawfully vacated.

Respectfully submitted,

**_/s/ Krystal A. Crittendon_**
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3031
critk@detroitmi.gov

DATED:  September 28, 2022

## **TABLE OF CONTENTS**

INDEX OF EXHIBITS ........................................................................... iiii

QUESTION PRESENTED ....................................................................iv

CONTROLLING AUTHORITIES ……………………………………….. v

INDEX OF AUTHORITIES ……………………………………….. vi

LOCAL RULE CERTIFICATION ……………………………………….. viii

BRIEF IN SUPPORT ……………………………………………………. 1

STATEMENT OF MATERIAL FACTS ………...……………………………. 2

ARGUMENTS………..……………………………………………….…… 3

I.    The Court Should Dismiss Plaintiff's Cause Due to Lack of Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(h)(3) Which Can Be Raised at Any Time……………………………   6

A. Pursuant to *The Heck Doctrine*, Plaintiff Cannot Pursue a Cause for Damages for an Alleged Unconstitutional Conviction and Sentence Until His Conviction and Sentence have Been Lawfully Invalidated; Such Barred  Claims are Properly Dismissed due to Lack of Jurisdiction………….. 6

II.   The Michigan Court Rules Provide that a Conviction May be Overturned Only Upon the Filing of Motion for Relief from Judgment or a Motion for a New Trial………………………   9

A.  Even Assuming, Arguendo, that a Conviction Could be   Set Aside by Stipulation, Plaintiff's Conviction in this Case Could Not Have Been Vacated by Entry of the Stipulated Order Because the Attorneys Purportedly Signing on Plaintiff's Behalf Lacked Authority……………………… 13

B. Neither Assistant Federal Defender Could Lawfully File a Stipulated Order in State Court Because They are Not Licensed to Practice Law in Michigan.…… 16

i

CONCLUSION…………………………………………………………….19

PRAYER FOR RELIEF………………………………………………………19

## <u>INDEX OF EXHIBITS</u>

**Exhibit A**          Stipulated Order Vacating Convictions and Sentences, Dismiss Charges and Ordering Defendant Released from the Michigan Department of Corrections

**Exhibit B**          Third Circuit Register of Actions

**Exhibit C**          Order Appointing Counsel for Petitioner

**Exhibit D**          Stipulation and Order Dismissing Alexandre Ansari's Petition for a Writ of Habeas Corpus

**Exhibit E**          USDC Civil Docket for Ansari's Petition for Habeas Corpus

## <u>QUESTION PRESENTED</u>

1. Should Plaintiff's claims be dismissed without prejudice by the Court due to lack of subject matter jurisdiction when Plaintiff's claims are barred by *The Heck Doctrine* because his criminal convictions were not lawfully and properly set aside as required by *Heck v. Humphrey*, 512 U.S. 477 (1994)?


**Defendant answers:**    **"Yes."**

**Plaintiff will answer:**    **"No."**

## CONTROLLING AUTHORITIES

Motions to Dismiss for Lack of subject Matter Jurisdiction are governed by Federal Rule of Civil Procedure 12(h)(3), which provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

# <u>INDEX OF AUTHORITIES</u>

Page(s)

**Cases**

*Brady v. Maryland,* 373 U.S. 83 (1963) …………………………………………… 2

*Diehl v. Nelson*, no. 98–21408, 1999 WL 1045076

      (6th Cir. November 12, 1999) …………………………………………… 8

*Fottler v. United States*, 73 F.3d 1064 (10th Cir.1996) ………………………… 8

*Franzel v. Kerr Mfg. Co.,* 959 F.2d 628 (6th Cir.1992)………………………….. 6

*Heck v. Humphrey*, 512 U.S. 477 (1994) ……………………………………6, 7

*House v. Bell*, 332 F.3d 997 (6th Cir. 2003) …………………………………… 15

*Irick v. Bell*, 636 F.3d 289 (6th Circ. 2019) ………………………………..… 15

*Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) …………………………………… 6

*Murphy v. Martin*, 343 F.Supp.2d 603 (2004) ………………………………… 8

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, n.11 (1984) …..……. 9

*Preiser v. Rodriguez*, 411 U. S. 475 (1973) …………………………………… 8
\

*Thompson v. Clark*, __ U.S. __ (2022) ………………………………………… 8

*Wolff v. McDonnell*, 418 U.S. 539 (1974) ……………………………………8

**Statutes**

18 U.S.C. § 3006A(a)(2)(B) …………………………………… 12, 13, 14, 15, 18

18 U.S.C. § 3599(a)(2) …………………………………………………… 15, 18

28 U.S.C. § 2254 …………………………………………..7, 12, 13, 14, 15, 18

42 U.S.C. § 1983 …………………………………………… .  7, 8, 9,  19

MCL 600.901 …………………………………………………….. 16

MCL 600.904 …………………………………………………….. 16

MCL 600.916(1) …………………………………………………… 16, 17

MCL 775.16 …………………………………………………… 17

## Court Rules

Local Rule 5.3 …………………………………………………..  5

MCR 6.502 ……………………………………………………5, 9, 10, 11, 12

## Other Authorities

Rule 8(c), Rules Governing Section 2254 Cases ………………………  14, 15, 18

Section 14 of Article V of the Michigan Constitution of 1963 …………………. 11

F.R.Civ.P. 12(h)(3) …………………………………………………… 6, 7, 19

## LOCAL RULE CERTIFICATION

I, Krystal A. Crittendon, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ALEXANDRE ANSARI,**

      Plaintiff,

-vs-

**MOISES JIMENEZ, in his individual capacity,**

      Defendant.

Case No.: 2:20-cv-10719

Hon.: Stephen J. Murphy, III

---

**WOLF MUELLER (P43728)**
Mueller Law Firm
Attorneys for Plaintiff
41850 W. 11 Mile Road, Suite 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

**KRYSTAL CRITTENDON (P49981)**
City of Detroit Law Department
Attorney for Defendant Jimenez
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3049
(313) 224-5505 Fax
critk@detroitmi.gov

**SCOTT L. FEUER (P38185)**
Co-Attorney for Def. Moises Jimenez
888 West Big Beaver Road, Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
(248) 723-7857 Fax
sfeuer@fklawyers.com

---

## DEFENDANT MOISES JIMENEZ'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**NOW COMES** Defendant, Moises Jimenez, who states the following in

support of his **Brief in Support of his Motion to Dismiss Due to Lack of Subject**

**Matter Jurisdiction** pursuant to Federal Rule of Civil Procedure 12(h)(3), states as follows:

## STATEMENT OF MATERIAL FACTS

As a preliminary matter, Defendant notes that due to the serious allegations of wrongdoing asserted by Plaintiff in claims that Defendant Jimenez withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963), Defendant expended extensive time conducting *factual* discovery in this case. Defendant has recently uncovered some *procedural* defects which call into question whether Plaintiff's conviction was even lawfully vacated.

Alexandre Ansari's convictions for first-degree murder and Assault with Intent to Commit Murder were purportedly vacated by entry of a Stipulated Order signed by two Wayne County Prosecutor Office ("WCPO") Conviction Integrity Unit ("CIU") employees and two Assistant Federal Defenders. (Exhibit A - Stipulated Order Vacating Convictions and Sentences, Dismiss Charges and Ordering Defendant Released from the Michigan Department of Corrections).   The Stipulated Order was submitted to Third Circuit Judge Thomas M.J. Hathaway on March 1, 2019 and is the first and only document submitted to Judge Hathaway.[1]

---

[1] Plaintiff's criminal case was reassigned to Judge Thomas M.J. Hathaway after the death of Judge Richard Skutt.  Judge Skutt was the presiding judge over Plaintiff Ansari's two trials (the first trial resulted in a mistrial.)  As Judge Hathaway was not the presiding judge at Ansari's criminal trials, he was, presumably, not overly familiar with the case when he was presented with the Stipulated Order.

(Exhibit B – Third Circuit Register of Actions).  There was no Motion for Relief from Judgment filed pursuant to MCR 6.502 which preceded entry of the Stipulated Order.[2]  The Stipulated Order does not cite to MCR 6.502 nor state any authority for the relief sought.  The Stipulated Order further does not state that there has been a finding of "actual innocence" nor contain any of the mandatory grounds which must be included in a Motion for Relief from Judgment pursuant to MCR 6.502(C)(1) through (15).  In fact, the Stipulated Order does not even describe the alleged "findings" of the CIU which would warrant that the conviction be vacated.  The two sentence Stipulated Order provides only:

> This matter having been presented in open court through the stipulation of the parties, and the parties have agreed that newly discovered evidence, as well as the Wayne County Prosecutor's own investigation, warrants relief, and the Court being otherwise fully advised in the premises of said stipulation;
>
> IT IS HEREBY ODRERED that in the interests of justice, Alexandre Ansari's convictions and sentences in this matter are hereby vacated, and all related charges are hereby dismissed.  Mr. Ansari shall be released from the Michigan Department of Corrections forthwith.  (Exh. A).

The Stipulated Order is signed by CIU Director Valerie Newman and CIU Attorney Carole Stanyar on behalf of the Prosecutor's Office and two Assistant

---

[2]  In jailhouse telephone recordings between Plaintiff and CIU Attorney Carole Stanyar, Attorney Stanyar advised Plaintiff that CIU Director Valerie Newman had contacted Judge Michael Hathaway's Chambers and asked if he would enter a Stipulated Order vacating Plaintiff's conviction so that no Motion for Relief from Judgment would have to be filed.

Federal Defenders, Benton C. Martin and Colleen P. Fitzharris.  Importantly, neither Mr. Martin nor Ms. Fitzharris is licensed to practice law in Michigan.  Neither Assistant Federal Defender filed (nor could file) an Appearance to represent Ansari in the state court criminal case and were not appointed to do so by the Court. The Assistant Federal Defenders *were* appointed by USDC Judge Judith E. Levy to represent Ansari in a federal Habeas Corpus Petition Plaintiff filed pursuant to 18.U.S.C. § 3599.  (Exhibit C – Order Appointing Counsel for Petitioner).  Mr. Ansari had state-appointed appellate counsel at the time that the Stipulated Order to Vacate was entered. (Exhibit B – Third Circuit Register of Actions.)  His Counsel, Jonathan B. D. Simon[3], did not sign the Stipulated Order.

After the purported vacation of his conviction, Ansari's Petition for a Writ of Habeas Corpus was dismissed as moot after entry of a Stipulated Order on March 18, 2019 which erroneously represented to the Federal Judge Levy that "Kym Worthy, the Wayne County Prosecutor, ***moved*** to vacate Mr. Ansari's judgment of conviction and sentence based on newly discovered evidence of ***actual innocence***."  (Emphasis added). (Exhibit D – Stipulation and Order Dismissing Alexandre Ansari's Petition for a Writ of Habeas Corpus).  Again, no statement that

---

[3] The WCPO CIU criticized Appellate Counsel Jonathan B.D. Simon's appellate brief as "skeletal" and states that it "rais(ed) nearly nothing and predictably, failed." It is unknown whether he was even consulted regarding the vacation of Plaintiff's conviction.

there was a finding of "actual innocence" is included anywhere in the Stipulated Order.  The Order further misrepresented to Judge Levy that WCCC Judge Thomas M.J. Hathaway "***granted the motion***."   (Exh. D).  This Order was signed "with consent" by an Assistant Attorney General on behalf of Respondent and signed and by Mr. Martin and Ms. Fitzharris on behalf of Mr. Ansari.   The Stipulated Order does not disclose that Assistant Federal Defenders Martin and Fitzharris actually stipulated to vacate Ansari's conviction.  (Exh. D).

Curiously, three submissions to the federal court were "SEALED" before the Habeas Corpus matter was dismissed, even though no Motion to Seal the documents was ever filed, the procedure for sealing was not followed and no authority to seal is presented as required by Local Rule 5.3.[4]  (Exhibit E – USDC Civil Docket for Ansari's Petition for Habeas Corpus).   Defendant does not, therefore, know what representations were made to the Court.

---

[4] Defendant has filed a Motion to Unseal these documents which is currently pending before Judge Judith E. Levy.  In unsealing the documents, Defendant hopes to determine whether the misrepresentations which were made (that Kym Worthy filed a Motion, that there was a finding of "actual innocence" and that Judge Hathaway granted the motion) were made because these assertions would have been required to be included in a Motion for Relief from Judgment pursuant to MCR 6.502.  Such a Motion must list specific grounds for the relief sought.

For all of the foregoing reasons, Defendant submits that the *Heck Doctrine* bars Plaintiff from pursuing his civil claims against Defendant Jimenez unless and until his convictions are properly and lawfully set aside.

**I. The Court Should Dismiss Plaintiff's Cause Due to Lack of Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(h)(3) Which Can Be Raised at Any Time.**

It is uncontroverted that a court must have subject matter jurisdiction over a claim to resolve a dispute.  FRCP 12(h)(3) provides:

> *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Questions of subject matter jurisdiction can be raised at any time, by any party or *sua sponte* by the court itself. *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir.1992).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised at any stage in the litigation, even after trial and the entry of judgment, Rule 12(h)(3). See *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

**A.    Pursuant to *The Heck Doctrine*, Plaintiff Cannot Pursue a Cause for Damages for an Alleged Unconstitutional Conviction and Sentence Until His Conviction and Sentence have Been Lawfully Invalidated; Such Barred Claims are Properly Dismissed due to Lack of Jurisdiction.**

Federal precedents provide that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such determination or (4) called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  This principle, based on the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is known as "*The Heck Doctrine.*"  In *Heck,* Plaintiff filed a civil action seeking damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983.  Plaintiff's appeal of his conviction and two petitions for federal habeas relief had been rejected when the civil suit was filed. The Supreme Court held that as Plaintiff's criminal conviction had not been invalidated, Plaintiff was precluded from pursuing a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence.  *Id*. at 490. *Heck* bars "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction" unless the conviction has already been declared invalid by a state or federal tribunal. 512 U.S. at 486–87.

When a prisoner's civil rights claim is barred by the *Heck* doctrine, the best course for a district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), rather than to dismiss the complaint

with prejudice as being frivolous, because a jurisdiction-related dismissal is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *Murphy v. Martin,* 343 F.Supp.2d (2004) at 609; *e.g., Diehl v. Nelson*, no. 98–21408, 1999 WL 1045076 (6th Cir. November 12, 1999) (citing *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir.1996)). "Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck,* the dismissal will be without prejudice." *Id.* A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.   *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Plaintiff may rely on a recent Supreme Court Opinion which held that if a plaintiff can show that his criminal prosecution ended without a conviction, he satisfies the requirement to demonstrate a favorable termination of a criminal prosecution in a Fourth Amendment claim under § 1983 for malicious prosecution and an affirmative indication of innocence is not needed. *Thompson v. Clark*, __ U.S. ___ (2022). But in *Thompson*, as in all other cases analyzing *The Heck Doctrine,* the Prosecutor *moved to dismiss* the charges against Plaintiff. The dismissal was sought *before* trial and *before* Plaintiff was convicted and the Court *granted the motion.* Neither the Prosecutor nor the Court explained why the motion for dismissal was sought or granted. The Supreme Court held that Plaintiff

satisfactorily demonstrated the "favorable termination" requirement necessary to allow him to pursue a § 1983 civil suit for damages.

In the case at hand, the Prosecutor did not file a Motion seeking to have Plaintiff Ansari's criminal conviction vacated, but rather, submitted a Stipulated Order seeking vacation to the Court.  An extensive search of Michigan statutes and case law has not revealed a single published Opinion wherein a defendant's criminal conviction was vacated without a Motion to Dismiss or Motion to Vacate having been filed with the Court.  "[A] state officer may be said to act *ultra vires* only when he acts 'without any authority whatever.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984).  The test to determine whether a state official has acted *ultra vires* is whether the state official had a "colorable basis for the exercise of authority." *Id.*   Without any authority to so stipulate, the CIU's vacation of Ansari's conviction via entry of a Stipulated Order was an *ultra vires* act.

## II.    The Michigan Court Rules Provide that a Conviction May be Overturned Only Upon the Filing of Motion for Relief from  Judgment or a Motion for a New Trial.

The Michigan Court Rules set forth the manner and means by which a criminal conviction can be dismissed or vacated.  MCR 6.502 defines the procedure

for seeking Relief from Judgment relative to a state criminal conviction. It provides, in pertinent part:

### RULE 6.502 MOTION FOR RELIEF FROM JUDGMENT

**(A) Nature of Motion**. The request for relief under this subchapter ***must*** be in the form of a motion to set aside or modify the judgment. The motion must specify all of the grounds for relief which are available to the defendant and of which the defendant has, or by the exercise of due diligence, should have knowledge.

**(B) Limitations on Motion.** A motion may seek relief from one judgment only. If the defendant desires to challenge the validity of additional judgments, the defendant must do so by separate motions. For the purpose of this rule, multiple convictions resulting from a single trial or plea proceeding shall be treated as a single judgment.

**(C) Form of Motion.** The motion may not be noticed for hearing, and must be typed or legibly handwritten and include a verification by the defendant or defendant's lawyer in accordance with MCR 1.109(D)(3). Except as otherwise ordered by the court, the combined length of the motion and any memorandum of law in support may not exceed 50 pages double-spaced, exclusive of attachments and exhibits. If the court enters an order increasing the page limit for the motion, the same order shall indicate that the page limit for the motion, the same order shall indicate that the page limit for the prosecutor's response provided for in MCR 6.506(A) is increased by the same amount. The ***motion*** must be substantially in the form approved by the State Court Administrative Office, and ***must*** include:

(1) The name of the defendant;

(2) The name of the court in which the defendant was convicted and the file number of the defendant's case;

(3) The place where the defendant is confined, or, if not confined, the defendant's current address;

(4) The offenses for which the defendant was convicted and sentenced;

(5) The date on which the defendant was sentenced;

(6) Whether the defendant was convicted by a jury, by a judge without jury, or on a plea of guilty, guilty but mentally ill, or nolo contendere;

(7) The sentence imposed (probation, fine, and/or imprisonment), the length of the sentence imposed, and whether the defendant is now serving that sentence;

(8) The name of the judge who presided at trial and imposed sentence;

(9) The court, title, and file number of any proceeding (including appeals and federal court proceedings) instituted by the defendant to obtain relief from conviction or sentence, specifying whether a proceeding is pending or has been completed;

(10) The name of each lawyer who represented the defendant at any time after arrest, and the stage of the case at which each represented the defendant;

(11) The relief requested;

(12) The grounds for the relief requested;

(13) The facts supporting each ground, stated in summary form;

(14) Whether any of the grounds for the relief requested were raised before; if so, at what stage of the case, and, if not, the reasons they were not raised;

(15) Whether the defendant requests the appointment of counsel, and, if so, information necessary for the court to determine whether the defendant is entitled to appointment of counsel at public expense.

Upon request, the clerk of each court with trial level jurisdiction over felony cases shall make available blank motion forms without charge to any person desiring to file such a motion.  (Emphasis added).

In this case, Plaintiff's conviction was not vacated after a Motion for a New Trial or Motion for Relief from Judgment was filed.  A Stipulated Order was filed with the criminal court which does not cite to any law, recite any facts supporting grounds for relief sought nor in any manner comply with the requirements of MCR 6.502.  If the Supreme Court intended to authorize vacation of a conviction by

stipulation, it would have included Vacation by Stipulation in the Michigan Court Rules.  It did not.

To even arrest an accused, probable cause must exist to justify an arrest.  That probable cause must be affirmed by a Prosecutor and Magistrate or Judge before a prosecution commences.  At all times during the criminal proceedings, court rules and rules of evidence are adhered to; pre-trial motions and evidentiary hearings are held before Magistrates and Judges.  Witnesses are questioned under oath, under penalty of perjury.  Court reporters make records of all proceedings.    Yet, to set aside a conviction, a member of a Conviction Integrity Unit need only submit a Stipulated Order to a Court which contains no law, no citation to facts and no identification of alleged newly-discovered evidence.  It is inconceivable that the law would allow for a conviction to be vacated by such a Stipulation, given the rules and constitutional safeguards which must be adhered to when seeking to convict an accused.  Allowing a Prosecutor to undo a conviction with a Stipulated Order that does not even provide grounds for the vacation bestows more power upon the Prosecutor than that possessed by the Governor of Michigan to grant clemency to a convicted individual.  The Governor's clemency powers are governed by Section 14 of Article V of the Michigan Constitution of 1963, which states:

> The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, **subject to procedures and**

12

**regulations prescribed by law**. **He shall inform the legislature** annually of each reprieve, commutation and pardon granted, **stating reasons therefor**. (Emphasis added).

The Michigan Constitution limits the clemency power of the highest elected official of the state to those "procedures and regulations prescribed by law." The CIU might as well be able to wave a magic wand and utter "Abracadabra" to release a duly-convicted prisoner if the practice of overturning a judgment of conviction without following the Court Rules or laws is allowed.

>   **A.    Even Assuming, Arguendo, that a Conviction Could be Set Aside by Stipulation, Plaintiff's Conviction in this Case Could Not Have Been Vacated by Entry of the Stipulated Order Because the Attorneys Purportedly Signing on Plaintiff's Behalf Lacked Authority.**

An indigent prisoner who files a federal application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a state court judgment of conviction, *may* be entitled to appointment of counsel in the habeas proceeding.  28 U.S.C § 2254(h) provides:

>   (h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority.  Appointment of counsel under this section shall be governed by section 3006A of title 18.

28 U.S.C. § 3006A(a)(2)(B) provides:

(a) CHOICE OF PLAN. - Each United States **district court**, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section. Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation. Each plan shall provide the following:

*\*\*\**

(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who -

(B) is seeking relief under section 2241, 2254, 2255 or title 28.

In this case, Alexandre Ansari filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on September 1, 2016. (Exh. E). On July 10, 2018, Judge Judith E. Levy entered an Order Appointing Counsel for Petitioner. (Exh. C). The Order states:

Michigan prisoner Alexandre Isaiah Ansari filed a pro se habeas corpus petition under 28 U.S.C. § 2254. The Court finds that Ansari qualifies for appointment of counsel under Rule 8(c), Rules Governing Section 2254 Cases and 18 U.S.C. § 3006A(a)(2)(B).

IT IS ORDERED that the Federal Defender Office, 613 Abbott St., 5th Floor, Detroit, Michigan, 48226, telephone number 313-967-5542, is appointed to represent Petitioner. Such representation shall continue unless terminated by (1) order of the court; (2) appointment of substitute counsel; or (3) appearance of retained counsel.

Rule 8(c), Rules Governing Section 2254 Cases provides:

(b) **Appointing Counsel; Time of Hearing.** If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a

14

petitioner who qualifies to have counsel appointed under 18 U.S.C.
§ 3006A.  The judge must conduct the hearing as soon as practicable
after giving the attorneys adequate time to investigate and prepare.
These rules do not limit the appointment of counsel under § 3006A
at any stage of the proceeding.

Another statute, 18 U.S.C. § 3599, does authorize counsel appointed to
represent an indigent individual ***charged with a crime punishable by death*** who has
filed a Petition for Habeas Corpus to represent the accused in a state clemency
proceeding; however, even in a death penalty case, such a petitioner is ineligible to
have the federally- funded habeas counsel represent him in state court proceedings
if the prisoner has a right to appointed counsel under state law.  *Irick v. Bell*, 636
F.3d 289 (6th Circ. 2019).   In *House v. Bell*, 332 F.3d 997 (6th Cir. 2003), Petitioner
sought to have his federally-appointed habeas counsel represent him in state post-
conviction proceedings under 28 U.S.C. § 2254 (seeking to vacate or set aside a state
death sentence), as well as for federal death sentences under 28 U.S.C. § 2255.   In
denying Petitioner's request, the Court held:

> The rule is simple. The two representations shall not mix. The state will
> be responsible for state proceedings, and the federal government will
> be responsible for federal proceedings.  *Id.* at 999.

In this case, Judge Judith Levy appointed two Assistant Federal Defenders to
represent Mr. Ansari in the habeas proceeding.  At the time, Mr. Ansari was already
being represented in his state court criminal proceeding by state court-appointed

attorney, Jonathan B.D. Simon.  (Exh. C).  Mr. Ansari was not charged with crimes punishable by death in Michigan and he was not eligible to have federally-funded Assistant Federal Defenders represent him in his state court proceedings.  Their efforts to have done so by purporting to stipulate to the vacation of Plaintiff's conviction were, therefore, not authorized by law.

> **B.     Neither Assistant Federal Defender Could Lawfully File a Stipulated Order in State Court Because They are Not Licensed to Practice Law in Michigan.**

The State Bar of Michigan proscribes who may practice law in courts within the State of Michigan.  It has promulgated rules to which all members of the bar must abide.  MCL 600.901 provides:

> **600.901 State bar; membership; public body corporate.**
>
> Sec. 901.
>
> The state bar of Michigan is a public body corporate, the membership of which consists of all persons who are now and hereafter licensed to practice law in this state. The members of the state bar of Michigan are officers of the courts of this state and have the ***exclusive right*** to designate themselves as "attorneys and counselors," or "attorneys at law," or "lawyers." No person is authorized to practice law in this state unless he complies with the requirements of the supreme court with regard thereto.  (Emphasis added).

The Michigan Supreme Court is empowered to "provide for the organization, government, and membership of the state bar of Michigan, and to adopt rules and regulations concerning the conduct and activities of the state bar of Michigan and its members."  MCL 600.904.   MCL 600.916(1) prohibits an unlicensed person from

engaging in the practice of law in any manner whatsoever.   MCR 8.125 authorizes an attorney licensed in another state to seek temporary admission to the Michigan State Bar and proscribes what the attorney shall do to be temporarily admitted.

Like the federal system, Michigan has adopted a procedure to allow an indigent state court defendant to request appointment of counsel.   MCL 775.16 provides:

> **775.16 Appointment of counsel under Michigan Indigent Defense Commission Act.**
>
> Sec. 16.
>
> When a person charged with having committed a crime appears before a magistrate without counsel, the person shall be advised of his or her right to have counsel appointed. If the person states that he or she is unable to procure counsel, the magistrate shall appoint counsel, if the person is eligible for appointed counsel under the Michigan indigent defense commission act.

In this case, the Stipulated Order which sought to vacate Mr. Ansari's conviction was signed by two CIU Attorneys and two Assistant Federal Defenders. Neither of the Assistant Federal Defenders is licensed to practice law in Michigan. Neither Assistant Federal Defender filed an Appearance to represent Ansari in the state court criminal case and were not appointed to do so by the Court.   Neither attorney sought temporary admission to the State Bar of Michigan to represent Plaintiff in state court nor sought appointment under the under Michigan Indigent Defense Commission Act.   (Exh. B).   The Assistant Federal Defenders *were*

17

appointed by USDC Judge Judith E. Levy pursuant to Rule 8(c), Rules Governing Section 2254 Cases and 18 U.S.C. § 3006A(a)(2)(B) to represent Ansari in a federal Habeas Corpus Petition Plaintiff filed pursuant to 18.U.S.C. § 3599.  (Exhibit C - Order Appointing Counsel for Petitioner).  At the time the Stipulated Order to vacate was entered by the criminal court judge, Plaintiff had state-court appointed counsel representing him in the criminal proceedings.

After the purported vacation of his conviction, Ansari's Petition for a Writ of Habeas Corpus was dismissed as moot via entry of a Stipulated Order.  The Order erroneously represented to the Federal Judge Levy that "Kym Worthy, the Wayne County Prosecutor, *moved* to vacate Mr. Ansari's judgment of conviction and sentence based on newly discovered evidence of *actual innocence*" and that Judge Hathaway "*granted the motion*."   (Exhibit D – Stipulation and Order Dismissing Alexandre Ansari's Petition for a Writ of Habeas Corpus).  The Stipulated Order submitted to Judge Levy does not disclose that the two Assistant Federal Defenders appointed by Judge Levy to represent Mr. Ansari in the habeas proceeding actually stipulated to vacate Ansari's conviction.  Without any authority to stipulate to the vacation of Mr. Ansari's convictions, the acts of the Assistant Federal Defenders were also *ultra vires* acts.

## <u>CONCLUSION</u>

The Supreme Court has held that *The Heck Doctrine* prohibits a person asserting an alleged unconstitutional conviction and imprisonment from maintaining an action pursuant to 42 U.S.C. § 1983 for damages attributable to the unconstitutional conviction or sentence unless and until he or she has that conviction invalidated.  A Court lacks subject matter jurisdiction of a claimed barred by *The Heck Doctrine*.  A Motion asserting Lack of Subject Matter Jurisdiction is authorized by Fed.R.Civ.P. 12(h)(3) and can be raised at any time.

Alexandre Ansari's conviction is alleged to have been vacated by entry of a Stipulated Order.  The Michigan Court Rules provide that a Judgment of Conviction may only be set aside or vacated via the filing of a Motion which sets forth the grounds for the vacation or dismissal.   The unauthorized Stipulated Order does not cite to any authority for the relief sought and does not cite to any grounds for the vacation of the conviction.  The Stipulated Order is signed by Attorneys who were not authorized to practice in the Court which entered the Stipulated Order.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, based on the reasons stated herein in Defendant's Motion and accompanying Brief in Support of the Motion, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's cause, without prejudice, unless and until

Plaintiff's criminal convictions are lawfully vacated.

Respectfully submitted,

*/s/ Krystal A. Crittendon*
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3031
critk@detroitmi.gov

DATED:  September 28, 2022