UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI, individually;

       Plaintiff,

                              No. 20-cv-10719

-v-                           Hon. Stephen J. Murphy, III

MOISES JIMENEZ, in his individual
capacity;

          Defendant.

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

     Plaintiff, Alexandre Ansari, through counsel, respectfully requests this Court

DENY Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

(ECF No. 75) for the reasons stated in the attached brief.

                    Respectfully submitted,

                    MUELLER LAW FIRM

                    s/Wolfgang Mueller
                    WOLFGANG MUELLER (P43728)
                    Attorney for Plaintiff
                    41850 W. Eleven Mile Road, Ste. 101
                    Novi, MI 48375
                    (248) 489-9653
Dated:  October 19, 2022      wolf@wolfmuellerlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI, individually;

       Plaintiff,

                               No. 20-cv-10719

-v-                            Hon. Stephen J. Murphy, III

MOISES JIMENEZ, in his individual
capacity;

       Defendant.

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS FOR LACK OF
<u>SUBJECT MATTER JURISDICTION</u>**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.......................................................................i

STATEMENT OF ISSUES PRESENTED..............................................iv

MOST APPROPRIATE AUTHORITY ..................................................v

LOCAL RULE CERTIFICATION ..........................................................vi

PLAINTIFF'S STATEMENT OF COUNTER MATERIAL FACTS ("C.F.")........1

LEGAL ARGUMENT

    A.  STANDARD FOR MOTION TO DISMISS UNDER FED.R.CIV.P. 12(h)(3)...........................................................................3

    B.  PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE "*HECK* DOCTRINE" BECAUSE THERE WAS A "FAVORABLE TERMINATION" OF THE UNDERLYING CRIMINAL CASE ...........4

    C.  DEFENDANT'S MOTION FOR DISMISSAL IS BARRED BY THE *BOOKER-FELDMAN* DOCTRINE ..........................................5

    D.  THE STATE COURT ENTERED A VALID DISMISSAL OF THE CRIMINAL CHARGES IN THE CRIMINAL CASE .............................8

REQUEST FOR RELIEF .......................................................................11

## <u>INDEX OF AUTHORITIES</u>

**MICHIGAN CASE(S):**

*Spires v. Bergman*,
    276 Mich.App. 432; 741 N.W.2d 523 (2007) ......................................................10

**FEDERAL CASE(S):**

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
    954 F.3d 874 n.3 (3d Cir. 1992) ...............................................................3

*Cady v. Arenac County*,
    574 F.3d 334 (6th Cir. 2009) .....................................................................8

*D.C. Court of Appeals v. Feldman,*
    460 U.S. 462 (U.S. 1983) ......................................................... 3, 5, 6, 7

*DLX, Inc. v. Kentucky*,
    381 F.3d 511 (6th Cir. 2004) ....................................................................4

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280; 125 S.Ct. 1517; 161 L.Ed.2d 454 (2005) .......................................7

*Florida Department of State v. Treasure Salvors, Inc.*,
    458 U.S. 670; 102 S.Ct. 3304; 73 L.Ed.2d 1057 (1982) .......................................8

*Fowler v. Benson*,
    924 F.3d 247 (6th Cir. 2019) ...................................................................3

*Golden v. Gorno Bros., Inc.*,
    410 F.3d 879 (6th Cir. 2005) ...............................................................3, 4

*Hall v. Callahan*,
    727 F.3d 450 (6th Cir. 2013) ...................................................................6

*Heck v. Humphrey*,
    512 U.S. 477; 114 S.Ct. 2364; 129 L.Ed.2d 383 (1994)…………………………2, 4, 5

*Kovacic v. Cuyahoga County Dep't of Children's and Family Services*,
606 F.3d 301 (6th Cir. 2010) ...................................................6

*Luber v. Sprague*,
90 Fed.Appx. 908 (6th Cir. 2004) ...........................................6

*Muhammed v. Close*,
540 U.S. 749; 124 S.Ct. 1303; 158 L.Ed.2d 32 (2004) ...........................4

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 n.11; 104 S.Ct. 900; 79 L.Ed.2d 67 (1984) ........................8

*People v. Jackson*,
192 Mich.App. 10; 480 N.W.2d 283 (1991) ..........................................9

*Prentis v. Atl. Coast Line Co.*,
211 U.S. 210; 29 S.Ct. 67; 53 L.Ed.2d 150 (1908) ...............................7

*RLR Investments, Inc.*,
4 F.th 380 (6th Cir. 2021) ......................................................7

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (U.S. 1923) ............................................... 3, 5, 6, 7

*Santobello v. New York*,
404 U.S. 495; 30 L.Ed.2d 427 (1971) ...........................................9

*Schafer Oil Co. v. Universal Underwriters Ins. Co.*,
820 F.Supp. 321 (E.D. Mich. 1993) .................................................10

*Shathaia v. Travelers Cas. Ins. Co. of America*,
984 F.Supp.2d 713 (E.D. Mich. 2013) .............................................10

*Skatemore Inc. v. Whitmer*,
40 F.4th 727 (6th Cir. 2022) ..................................................8

*The Francis Wright*,
105 U.S. 381; 26 L.Ed. 1100 (1881) ...........................................6

*Thompson v. Clark*,
-- U.S. --; 142 S.Ct. 1332; 212 L.Ed.2d 382 (2022)...........................................2, 5

## COURT RULE(S):

Fed.R.Civ.P 12(b)(1)................................................................................................3

Fed.R.Civ.P. 12(h)(3)..............................................................................................3

## STATUTE(S):

28 U.S.C. § 1257 ................................................................................................6, 7

28 U.S.C. § 2254 ...................................................................................................4

42 U.S.C. § 1983 ................................................................................................4, 5

MCL 600.1405 ...................................................................................................10

MCL 770.1 .............................................................................................................9

Mich. Comp. Laws § 49.153 (2008) ........................................................................8

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.   WHETHER PLAINTIFF'S § 1983 CLAIMS ARE BARRED BY THE "*HECK* DOCTRINE."

Plaintiff answers "No"

Defendant answers "Yes"

II.  WHETHER DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE IT IS BARRED BY THE "*ROOKER-FELDMAN*" DOCTRINE.

Plaintiff answers "Yes"

Defendant answers "No"

## MOST APPROPRIATE AUTHORITY

## FAVORABLE TERMINATION OF UNDERLYING CRIMINAL CASE

### *Heck v. Humphrey*, 512 U.S. 477; 114 S.Ct. 2364; 129 L.Ed.2d 383

We hold that, in order to recover damages *for allegedly unconstitutional conviction or imprisonment*, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Thompson v. Clark*, -- U.S. --; 142 S.Ct. 1332, 1341; 212 L.Ed.2d 382 (2022)

"In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. *A plaintiff need only show that the criminal prosecution ended without a conviction*." (Emphasis added).

## *ROOKER-FELDMAN* DOCTRINE[1]

### *Hall v. Caudill*, 22 Fed. A'ppx 462, 463 (6th Cir. 2001)

"Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments."

### *Feldman*, 460 U.S. at 482 n.16:

"[L]ower federal courts possess no power whatever to sit in direct review of state court decisions."

---

[1] *See Rooker v. Fid.Tr. Co.*, 263 U.S. 413; 44 S.Ct. 149; 68 L.Ed.2d 362 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462; 103 S.Ct. 1303; 75 L.Ed.2d 206 (1983).

## <u>LOCAL RULE CERTIFICATION</u>

I, Wolfgang Mueller, certify that this document complies with Local Rule 5.1(a), including:  double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

## <u>PLAINTIFF'S STATEMENT OF COUNTER MATERIAL FACTS ("C.F.")</u>

The following Statement of Facts set forth the events relevant to the instant motion.

1.     On September 13, 2013, a jury convicted Plaintiff of the first-degree murder of Ileana Cuevas and two counts of Assault with Intent to Commit Murder in the September 22, 2012, shootings of Rosalind Barley and Miguel Figeroa. (**Register of Actions, Exhibit 1**).

2.     On September 27, 2013, Plaintiff was given a life sentence without the possibility of parole.  *Id*.

3.     Following years of unsuccessful appeals, the Federal Defenders Office ("FDO") took over the case upon appointment from federal district court Judge Judith Levy relating to Plaintiff's *pro se* habeas petition.  (**Order Appointing Counsel, Case No. 5:16-cv-13179, ECF No. 12, Exhibit 2**).

4.     The FDO submitted the case to the recently formed Wayne County Conviction Integrity Unit ("CIU"), which undertook a fresh look at the case.

5.     As a result of newly discovered evidence uncovered by the FDO and CIU, the CIU submitted the case to Wayne County prosecutor, Kym Worthy. Prosecutor Worthy agreed that Plaintiff was factually innocent of these crimes and agreed to a full and complete exoneration.  (**V. Newman dep., p. 188, Exhibit 3**).

6.      On March 15, 2019, the Wayne County Prosecutor's Office dismissed criminal charges against Plaintiff.  He had spent over five years in state prison by the time of his release.  (**Stipulated Order Vacating Conviction and Dismissing Case, 03-15-19, Exhibit 4**).

7.      Assistant Prosecuting Attorney and Director of the CIU, Valerie Newman, signed the Order on behalf of the Wayne County Prosecutor's Office. The Order was approved and signed by Wayne County Circuit Court Judge Thomas M.J. Hathaway.

Defendant now claims that the court lacks subject matter jurisdiction because there was no "favorable termination" of the underlying criminal case, despite the Order vacating the conviction and dismissing the case.  Thus, Defendant argues, Plaintiff's lawsuit runs afoul of the "*Heck* doctrine" and must be dismissed.

Defendant is wrong for the following reasons:

1.  Under *Thompson v. Clark*, -- U.S. --; 142 S.Ct. 1332, 1341; 212 L.Ed.2d 382 (2022), to prove a criminal case achieved a favorable termination, "[a] plaintiff need only show that the criminal prosecution ended without a conviction."

2.  The instant motion is an end-run attempt to appeal a state court judgment

2

and is barred by the *Rooker-Feldman* doctrine.[2]  *Fowler v. Benson*, 924 F.3d 247, 254 (6th Cir. 2019) (Under the Rooker-Feldman doctrine, "only the Supreme Court may review judgments entered by state courts in civil litigation.").  See also, Feldman, 460 U.S. at 482 n.16 ("[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.").

## LEGAL ARGUMENT

### A.   STANDARD FOR MOTION TO DISMISS UNDER FED.R.CIV.P. 12(h)(3)

A motion to dismiss pursuant to Fed.R.Civ.P. 12(h)(3) is analyzed in the same manner as a motion to dismiss under Fed.R.Civ.P 12(b)(1).  *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.3d 874, 879 n.3 (3d Cir. 1992).  A motion brought under Rule 12(h)(3) may be brought at any time.  *Id.*

Under Rule 12(b)(1), a motion to dismiss "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction."  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).  The instant motion appears to attack the factual basis of the dismissal of the underlying criminal case.

Where a party attacks the factual basis of jurisdiction, the court must weigh the evidence and the plaintiff has the burden of proving that the court has

---

[2]  This is not the only attempt to back-door the progress of the instant civil case.  Defendant recently filed a Motion to Intervene and Unseal Documents, ECF No. 28, in the closed federal habeas case, *Ansari v. Winn*, Case No. 5;16-cv-13179, to attempt to gain discovery for the civil case, despite discovery having closed on February 25, 2022.

3

jurisdiction over the subject matter. *Id*; *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516

(6th Cir. 2004).

**B.     PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE "*HECK*
       DOCTRINE" BECAUSE THERE WAS A "FAVORABLE
       TERMINATION" OF THE UNDERLYING CRIMINAL CASE**

In *Heck v. Humphrey*, 512 U.S. 477; 114 S.Ct. 2364; 129 L.Ed.2d 383

(1994), the seminal case discussing delayed accrual and constitutional violations,

the Supreme Court expressly held that claims for wrongful conviction or

imprisonment cannot be brought if they would impugn the integrity of a

conviction.  Hence, those claims accrue upon a vacation of criminal charges.

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence has been *reversed
> on direct appeal, expunged by executive order, declared invalid by a
> state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254*.  A claim for damages bearing that relationship to a
> conviction or sentence that has *not* been so invalidated is not
> cognizable under § 1983.

*Id*. at 486-87 (emphasis added).

This has become known as the "favorable termination" requirement of *Heck*.

*Muhammed v. Close*, 540 U.S. 749, 751; 124 S.Ct. 1303; 158 L.Ed.2d 32 (2004)

('where success in a prisoner's § 1983 damages action would implicitly question

the validity of conviction or duration of sentence, the litigant must first achieve

4

favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.").

In 2022, the United States Supreme Court clarified what was meant by the term "favorable termination," which had suffered from different interpretations involving a perceived requirement of proving actual innocence. *See Thompson v. Clark*, -- U.S. --; 142 S.Ct. 1332; 212 L.Ed.2d 382 (2022). In *Thompson*, the Supreme Court analyzed the "favorable termination" requirement for a federal malicious prosecution claim under § 1983 and whether favorable termination necessarily required a finding of innocence. *Thompson* declined to impose such a requirement, stating that "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id*. at 1341.

In the instant case, Plaintiff's murder conviction was vacated, and criminal charges dismissed on March 15, 2019. **(Exhibit 4)**. He has met *Heck*'s favorable termination requirement; thus, the Court has subject matter jurisdiction. Defendant's motion should be denied.

## C.   DEFENDANT'S MOTION FOR DISMISSAL IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE

Defendant's motion should be denied because it runs afoul of the *Rooker-Feldman* doctrine. Thus, this court does not have jurisdiction to review the judgment of the state criminal court dismissing Plaintiff's criminal conviction.

Federal courts' jurisdiction "is confined within such limits as Congress sees fit to prescribe. *The Francis Wright*, 105 U.S. 381, 385; 26 L.Ed. 1100 (1881). 28 U.S.C. § 1257 states that "[f]inal judgments or decrees rendered by the highest Court of a State … may be reviewed by the Supreme Court."

In *Kovacic v. Cuyahoga County Dep't of Children's and Family Services*, 606 F.3d 301 (6th Cir. 2010), the Sixth Circuit stated "[t]he statute is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking review of a state-court decision." *Id*. at 308. The Court continued, "[t]he *Rooker-Feldman* doctrine, as it has become known, is based on the negative inference that, if appellate review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in lower federal courts." *Id*. at 309. *See also*, *Feldman*, 460 U.S. at 482 n.16 ("[L]ower federal courts possess no power whatever to sit in direct review of state court decisions"); *Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) ("[f]ederal district courts do not stand as appellate courts for decisions of state courts.").

In *Hall*, the Sixth Circuit recognized that "[t]he *Rooker-Feldman* doctrine 'prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision.' " *Id*. at 453 (quoting *Luber v. Sprague*, 90 Fed.Appx. 908, 910 (6th Cir. 2004)). Simply put, the *Rooker-Feldman* doctrine holds that federal courts' "authority to review a state court's judgment" is vested "solely in [the

Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292; 125 S.Ct. 1517; 161 L.Ed.2d 454 (2005). The doctrine applies in "[(1)] cases brought by state court losers [(2)] complaining of injuries caused by state court judgments [(3)] rendered before district court proceedings commenced [(4)] and inviting review and rejection of those judgments." *RLR Investments, Inc.*, 4 F.th 380, 387 (6th Cir. 2021) (quoting *Exxon*, 544 U.S. at 284).

Here, the Court has no jurisdiction to entertain Defendant's end-run attempt to take issue with the state trial court's order vacating Plaintiff's murder conviction and dismissing criminal charges. Defendant is, for all practical purposes, the "state court loser" who is complaining of injury caused by a state court judgment rendered before the instant lawsuit was filed, who now seeks federal court review of the judgment. *Rooker-Feldman* bars such a move.

There can be no argument that the state court's order dismissing the criminal charges was a judgment under § 1257, and thus covered under the *Rooker-Feldman* doctrine. In *RLR Investments, LLC*, the court noted that *Feldman* defined a "judgment" under § 1257 to be an "investigat[ion], declar[ation], and enforce[ment] of] 'liabilities as they [stood] on present or past facts and under laws supposed already to exist.'" *Id.* at 389 (citing *Feldman*, 460 U.S. at 479 (quoting *Prentis v. Atl. Coast Line Co.*, 211 U.S. 210, 226; 29 S.Ct. 67; 53 L.Ed.2d 150 (1908))). The Order of Dismissal in the criminal case clearly fits the definition of a judgment.

7

**D.      THE STATE COURT ENTERED A VALID DISMISSAL OF THE
         CRIMINAL CHARGES IN THE CRIMINAL CASE**

Defendant argues that the state court order was invalid because, *inter alia*,

Valerie Newman, Director of the CIU, acted *ultra vires* when entering the order.

(Def. Brief, ECF No. 75, PageID.1895).  Again, he is incorrect.

"A state officer may be said to act *ultra vires* only when he acts without any

authority whatever." *Skatemore Inc. v. Whitmer*, 40 F.4th 727, 736 (6th Cir. 2022)

(internal quotations and citations omitted).  The test to determine whether the state

official has acted *ultra vires* is whether the actor had a "colorable basis for the

exercise of authority."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89,

101 n.11; 104 S.Ct. 900; 79 L.Ed.2d 67 (1984) (quoting *Florida Department of

State v. Treasure Salvors, Inc.*, 458 U.S. 670, 716; 102 S.Ct. 3304; 73 L.Ed.2d

1057 (1982) (White, J., concurring in the judgment in part and dissenting in part)).

Michigan law charges county prosecuting attorneys with the duty of

"appear[ing] for the state or county, and prosecute or defend ... all prosecutions,

suits, applications and motions, whether civil or criminal, in which the state or

county may be a party or interested."  *Cady v. Arenac County*, 574 F.3d 334, 343

(6th Cir. 2009) (quoting Mich. Comp. Laws § 49.153 (2008)).  "The authority of a

prosecutor to make bargains with defendants has long been recognized as an

essential component of the efficient administration of justice."  *People v. Jackson*,

192 Mich.App. 10, 14-15; 480 N.W.2d 283 (1991) (citing *Santobello v. New York*, 404 U.S. 495, 497-98; 30 L.Ed.2d 427 (1971)).

At the time of the dismissal, Ms. Newman was employed by the Wayne County Prosecutor's Office (WCPO).  She clearly acted within her capacity as Director of the Conviction Integrity Unit to enter the dismissal order following her unit's investigation and determination that Plaintiff was wrongfully convicted.  She acted within her authority as an attorney with the WCPO to enter the Stipulated Order of Dismissal.

Defendant cites to no authority suggesting that a prosecutor cannot dismiss criminal charges by stipulation.  Indeed, prosecutors' offices often voluntarily dismiss cases during criminal proceedings.  And Michigan law allows a trial court to grant a new trial to a defendant after a conviction on its own terms.  "The judge of a court in which the trial of an offense is held may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, *or when it appears to the court that justice has not been done*, and on terms or conditions as the court directs."  MCL 770.1 (emphasis added).

In the instant case, the Dismissal Order expressly states, "IT IS HEREBY ORDERED that *in the interests of justice*, Alexandre Ansari's convictions and sentences in this matter are hereby vacated, and all related charges are hereby dismissed."  (Emphasis added).

9

Finally, Defendant lacks standing to contest the validity of the Stipulated Order between Ansari and the Wayne County Prosecutor's Office.  He was not a party to the agreement and was not an intended third-party beneficiary.

Under Michigan law, "[s]tipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts.  Like contracts, stipulated orders are agreements reached by and between the parties." *Spires v. Bergman*, 276 Mich.App. 432, 441; 741 N.W.2d 523 (2007) (quotation marks and citation omitted).

Michigan's third-party beneficiary statute, MCL 600.1405, provides in relevant part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1)    A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person.

Whether a promise has been made to benefit a person not a party to a contract is determined using an objective standard to discern the contracting parties' intentions from the contract itself.  *Shathaia v. Travelers Cas. Ins. Co. of America*, 984 F.Supp.2d 713, 722 (E.D. Mich. 2013) (citing *Schafer Oil Co. v. Universal Underwriters Ins. Co.*, 820 F.Supp. 321, 323 (E.D. Mich. 1993)).

10

The Dismissal Order entered in the criminal case did not involve Defendant, Jimenez.  He was not an intended third-party beneficiary to the state court agreement.  Therefore, he has no standing to object to it in federal court.

## **REQUEST FOR RELIEF**

For all of the foregoing reasons, Plaintiff requests that this Court DENY Defendant's Motion to Dismiss for Lack of Jurisdiction.

Respectfully submitted,

MUELLER LAW FIRM

s/Wolfgang Mueller
WOLFGANG MUELLER (P43728)
Attorney for Plaintiff
41850 W. Eleven Mile Road, Ste. 101
Novi, MI 48375
(248) 489-9653
Dated:  October 19, 2022    wolf@wolfmuellerlaw.com

11

**CERTIFICATE OF SERVICE**

I hereby certify that on 10/19/22, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

I further hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  N/A

> s/Wolfgang Mueller
> MUELLER LAW FIRM
> 41850 W. Eleven Mile, Suite 101
> Novi MI 48375
> 248-489-9653
> wolf@wolfmuellerlaw.com
> (P43728)

12