UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALEXANDRE ANSARI,**

    Plaintiff,

-vs-

**MOISES JIMENEZ, in his individual capacity,**

    Defendant.

Case No.: 2:20-cv-10719
Hon.: Stephen J. Murphy, III

---

| | |
|---|---|
| **WOLF MUELLER (P43728)**<br>Mueller Law Firm<br>Attorneys for Plaintiff<br>41850 W. 11 Mile Road, Suite 101<br>Novi, MI 48375<br>(248) 489-9653<br>wolf@wolfmuellerlaw.com | **KRYSTAL CRITTENDON (P49981)**<br>City of Detroit Law Department<br>Attorney for Defendant Jimenez<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>(313) 237-3049<br>(313) 224-5505 Fax<br>critk@detroitmi.gov<br><br>**SCOTT L. FEUER (P38185)**<br>Co-Attorney for Def. Moises Jimenez<br>888 West Big Beaver Road, Suite 850<br>Troy, MI 48084<br>(248) 723-7828, Ext. 201<br>(248) 723-7857 Fax<br>sfeuer@fklawyers.com |

---

**DEFENDANT MOISES JIMENEZ'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR <u>LACK OF SUBJECT MATTER JURISDICTION</u>**

    **NOW COMES** Defendant, Moises Jimenez, who states the following in support of his **Reply to Plaintiff's Response to Defendant's Motion to Dismiss**

1

**Due to Lack of Subject Matter Jurisdiction** pursuant to Federal Rule of Civil Procedure 12(h)(3), states as follows:

    A.    **PLAINTIFF'S CLAIMS <u>*ARE*</u> BARRED BY THE HECK DOCTRINE BECAUSE THERE HAS NOT BEEN A "FAVORABLE TERMINATION" OF PLAINTIFF'S UNDERLYING CRIMINAL CASE.**

Plaintiff's Response to Defendant's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction unnecessarily regurgitates the arguments Defendant proffers regarding Plaintiff's claims being barred by the *Heck Doctrine*. Defendant concedes that a "favorable termination" would allow Plaintiff to sue Defendant for alleged constitutional violations. In this case, the issue is that there cannot have been a "favorable termination" in Plaintiff's favor with respect to invalidation of Plaintiff's criminal conviction if the alleged vacation of his conviction was unlawful. Plaintiff's conclusory statement, that Plaintiff "has met Heck's favorable termination requirement," begs the question in this case. For the reasons stated below and in Defendant's Motion, Defendant submits that Plaintiff's claims ***are*** barred by the *Heck Doctrine*.

    B.    **DEFENDANT'S MOTION TO DISMISS SHOULD <u>*NOT*</u> BE DENIED BECAUSE IT IS NOT BARRED BY THE ROOKER-FELDMAN DOCTRINE.**

Plaintiff alleges that Defendant's Motion to Dismiss should be denied because it runs afoul of the *Rooker-Feldman Doctrine*. In *Exxon Mobil Corp. v. Saudi Basic*

*Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court held that lower federal courts are prevented from exercising jurisdiction over cases brought by "state-court losers" challenging state-court judgments rendered before the district court proceedings commenced. *Id.* at 284. The Court held:

> The *Rooker-Feldman Doctrine* is confined to cases of the kind from which it acquired its name: cases brought by **state-court losers** complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments. *Id.* at 281. (emphasis added).

The *Rooker-Feldman* doctrine includes three requirements: "(1) the party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party; (2) the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment; and (3) the federal claim must not be parallel to the state-court claim." *Lance v. Davidson*, 379 F.Supp. 1117, 1124 (2005).

In this case, Defendant's Motion to Dismiss is not barred by the *Rooker-Feldman Doctrine.* First, Defendant Jimenez is not a "state court loser" challenging a challenging state-court judgment rendered before the district court proceedings commenced; in fact, there were no "state-court losers" as it relates to the alleged vacation of Plaintiff's conviction because the vacation was attempted via stipulation. It was not an adversarial process. Second, Defendant Jimenez was not a party to the

state-court action. Finally, despite Plaintiff's contention to the contrary, Defendant is not attempting to have this Honorable Court "review the judgment of the state criminal court dismissing Plaintiff's criminal conviction," but rather, Defendant submits that there was *no state court action dismissing Plaintiff's conviction*. The *Rooker-Feldman Doctrine* is simply inapplicable in this case.

### C. THE STATE COURT DID *NOT* ENTER A VALID DISMISSAL OF THE CRIMINAL CHARGES IN THE CRIMINAL CASE.

In his Motion, Defendant asserts that submission to the Court of the Stipulated Order to Vacate Ansari's conviction by CIU Attorneys Valerie Newman and Carole Stanyar was an *ultra vires* act because a Judgment of Conviction may be vacated only upon the filing of a Motion for Relief from Judgment. MCR 6.502. Defendant further asserts that the purported Stipulated Order to Vacate is void because neither of the two attorneys who signed the Stipulation on Ansari's behalf were/are licensed to practice laws in Michigan or otherwise authorized to have signed the Stipulated Order. A stipulated order that does not conform to the law is void. Neal v. Dep't of Corr., 297 Mich. App. 518 (2012).

Plaintiff responds that submission of the Stipulated Order to the Court was not *ultra vires* because:

> At the time of the dismissal, Ms. Newman was employed by the Wayne County Prosecutor's Office (WCPO). She clearly acted within her capacity as Director of the Conviction Integrity Unit to enter the dismissal order following her unit's investigation and determination

>that Plaintiff was wrongfully convicted. She acted within her authority as an attorney with the WCPO to enter the Stipulated Order of Dismissal. [ECF No. 78, Page 18].

Plaintiff's response fails to even address the arguments made by Defendant Jimenez. It is uncontroverted that Valerie Newman is a licensed Attorney employed the Wayne County CIU. The signing of the Stipulated Order by the two AFD's was also an *ultra vires* act. What Plaintiff fails to even address is the fact that the Assistant Federal Defenders (AFD's) who claimed to have signed the Stipulation on behalf of Plaintiff are not licensed to practice law in Michigan and were not appointed or authorized to represent Plaintiff in state court. In fact, Plaintiff does not even mention the AFD's or address the fact that they signed the Stipulated Order on Plaintiff's behalf in his Response. His silence in responding to these issues raised by Defendant speaks volumes.

>Plaintiff responds as follows on page 9 of his responsive motion:
>
>Defendant cites to no authority suggesting that a prosecutor cannot dismiss criminal charges by stipulation. Indeed, prosecutors' offices often voluntarily dismiss cases ***during*** criminal proceedings. And Michigan law allows a trial court to grant a new trial to a defendant after a conviction on its own terms. "The judge of a court in which the trial of an offense is held may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, *or when it appears to the court that justice has not been done*, and on terms or conditions as the court directs." MCL 770.1 (emphasis added).

These arguments are both inaccurate and irrelevant to the arguments raised by Defendant. First, contrary to Plaintiff's claim, Defendant ***did*** cite to authority which

establishes that a prosecutor cannot dismiss criminal charges by stipulation. Defendant cited to MCR 6.502, Motion for Relief from Judgment, throughout its brief, which states that "The request for relief under this subchapter ***must*** be in the form of a motion to set aside or modify the judgment." (Emphasis added). Second, Plaintiff's contention that prosecutors' offices often voluntarily dismiss charges "***during*** criminal proceedings" is irrelevant in this case because the Wayne County Prosecutors ***did not*** seek to dismiss the charges against Plaintiff *"during"* the criminal proceedings; the Stipulated Order in question was submitted to the court ***after*** post-trial motions had been filed and denied and ***after*** the Court of Appeals had affirmed the Judgment of Conviction. Third, no new trial was requested or granted by either the prosecutor or the court.

On page 19 of his Response, Plaintiff alleges that Defendant Jimenez lacks standing to contest the validity of the subject Stipulated Order because he (Jimenez) was not a party to the agreement and was not a third-party beneficiary. [ECF No. 78, Page 19]. This argument is directly contrary to Plaintiff's contention that "Defendant is, for all practical purposes, the "state court loser" whose claim should be barred by the *Rooker-Feldman Doctrine.* Plaintiff cannot have it both ways.

In summation, the state court ***did not*** enter a valid dismissal of the criminal charges in the criminal case.

6

## Prayer for Relief

**WHEREFORE**, based on the reasons stated herein and in Defendant's Motion and accompanying Brief in Support of the Motion, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's cause, without prejudice, unless and until Plaintiff's criminal convictions are lawfully vacated.

    Respectfully submitted,

    */s/ Krystal A. Crittendon*
    KRYSTAL A. CRITTENDON (P49981)
    Attorney for Defendant
    2 Woodward Avenue, Suite 500
    Detroit, Michigan 48226
    (313) 237-3031
    critk@detroitmi.gov

DATED:  October 26, 2022