### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ALEXANDRE ANSARI,**

      Plaintiff,

-vs-

**MOISES JIMENEZ, in his individual capacity,**

      Defendant.

Case No.: 2:20-cv-10719

Hon.: Stephen J. Murphy, III

| | |
|---|---|
| **WOLF MUELLER (P43728)**<br>Mueller Law Firm<br>Attorneys for Plaintiff<br>41850 W. 11 Mile Road, Suite 101<br>Novi, MI 48375<br>(248) 489-9653<br>wolf@wolfmuellerlaw.com | **KRYSTAL CRITTENDON (P49981)**<br>City of Detroit Law Department<br>Attorney for Defendant Jimenez<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>(313) 237-3049<br>(313) 224-5505 Fax<br>critk@detroitmi.gov<br><br>**SCOTT L. FEUER (P38185)**<br>Co-Attorney for Def. Moises Jimenez<br>888 West Big Beaver Road, Suite 850<br>Troy, MI 48084<br>(248) 723-7828, Ext. 201<br>(248) 723-7857 Fax<br>sfeuer@fklawyers.com |

### MOTION FOR RECONSIDERATION OF ORDER
### <u>DENYING MOTION TO DISMISS (ECF No. 80)</u>

**NOW COMES** Defendant, Moises Jimenez, who states the following in support of his **Motion for Reconsideration of Order Denying Defendant's Motion to Dismiss,** timely brought pursuant to LR 7.1(h)(2)(A) and (C):

1. The undersigned counsel certifies that counsel personally communicated with opposing counsel on November 3, 2022, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

2. On October 31, 2022, the Court issued its Order Denying Defendant Jimenez's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction.  ECF No. 80.

3. The Court's Order contains the following factual mistakes which Defendant now seeks to have the Court correct to protect the record:

   a. The Order states on page 1 that Defendant City of Detroit "settled" with Plaintiff.  The City of Detroit did not settle with Plaintiff, but rather, the Court granted a Motion to Enforce Settlement filed by Plaintiff.  [ECF No. 50].  This Motion had been opposed by Defendant City who argued that there was no agreement to settle. [ECF No. 55].  Defendant's Objections notwithstanding, the Court entered an Omnibus Order which granted Plaintiff's Motion to Enforce Settlement and dismissed all claims against Defendant City with prejudice and without costs.  [ECF No. 56];

   b. The Order further states on page 1 that "rather than addressing the Court's show cause order, Defendant moved to dismiss both claims for lack of subject-matter jurisdiction."  This statement is inaccurate.  On October 3, 2022, Defendant filed its Response to the Court's

Order to Show Cause why Case should not be Administratively Closed [ECF No. 74].  [Please see ECF No. 77];

c.  Further, on page 2 of the Court's Order Denying Motion to Dismiss, this Honorable Court states that Kym Worthy "determined that Plaintiff was factually innocent of the crimes and agreed to a full exoneration."  This contention is also inaccurate.  There is no evidence in this record that Kym Worthy has ever "determined that Plaintiff was factually innocent." The Stipulated Order Vacating Convictions and Sentences, Dismissing Charges, and Ordering Defendant Released from the Michigan Department of Corrections does not state that Plaintiff is "factually innocent." [ECF No. 64-20, Page Id. 1398].  There has been no other documentation from Kym Worthy or the Wayne County Prosecutor's Office produced by Plaintiff which states that there has been a finding that he is "factually innocent."

4.  As it relates to mistakes made in the Order denying Defendant's Motion to Dismiss which, if corrected, will change the outcome of the decision, Defendant respectfully submits that the Court erred when it failed to determine whether Plaintiff's state-court convictions were lawfully invalidated.

5.  Defendant argued that Plaintiff's claims against Defendant were barred by the *Heck Doctrine* because his criminal conviction was not lawfully invalidated since it was purportedly effectuated by entry of a Stipulated Order rather than by the filing of a Motion for Relief from Judgment as required by MCR 6.502.

6.  In denying Defendant's Motion, this Court recognized that "the Court must determine whether Plaintiff's underlying conviction or sentence is still valid."  [ECF

No. 80, PageID, 1976]. The Court then further concluded, however, that it "lacks authority to decide whether the State court followed State procedure when it vacated a State conviction." [ECF No. 80, PageID 1977].

7. In determining that the Court lacked authority to decide whether the Court followed State procedure, this Court cited to the *Rooker-Feldman* doctrine. [ECF No. 80, PageID. 1978].

8. In *Rooker-Feldman,* the Supreme Court held that that lower federal courts are prevented from exercising jurisdiction over cases brought by "state-court losers" challenging state-court judgments rendered before the district court proceedings commenced.

9. However, this Court has previously ruled that *Rooker-Feldman* is not applicable if the party to the federal case was not a party to the state court case. See *Gary B. v. Snyder*, 329 F.Supp.3d 344, 358 (E.D. Mich. 2018) (opinion of Murphy, J.).

10. In this case, Defendant Moises Jimenez was not a party to the state court case and, therefore, *Rooker Feldman* is inapplicable.

11. Local Rule 7.1(h)(2)(A) of the Court Rules for the Eastern District of Michigan provides that a Motion for Reconsideration may be filed within 14 days

after entry of the order if the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision.

**WHEREFORE**, based on the reasons stated herein and in Defendant's brief in support of this motion, Defendant respectfully requests that this Honorable Court reconsider its Order and enter an Order granting Defendant's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction.

Respectfully submitted,

*/s/ Krystal A. Crittendon*
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3031
critk@detroitmi.gov

DATED:  November 4, 2022

# **TABLE OF CONTENTS**

QUESTIONS PRESENTED .........................................................................iii

CONTROLLING AUTHORITIES ……………………………………… iii

INDEX OF AUTHORITIES …………………………………………… iv

LOCAL RULE CERTIFICATION ……………………………………v

BRIEF IN SUPPORT ………………………………………………… 1

STATEMENT OF RELEVANT FACTS ………..…………………………2

ARGUMENT…..……………………………………………..……… 4

    A. The Court made a mistake in determining that it lacks authority to decide whether the State court followed State procedure when it vacated Plaintiff's State conviction which must be done to determine whether Plaintiff's claims are barred by the *Heck Doctrine*…………………………………..4

PRAYER FOR RELIEF…………………………………………………… 7

i

## <u>QUESTIONS PRESENTED</u>

1.    Whether the Court made a mistake in denying Defendant's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction when it held it lacks authority to decide whether the State court followed State procedure when it vacated Plaintiff's State conviction which must be done to determine whether Plaintiff's claims are barred by the *Heck Doctrine* and, if so, whether correcting the mistake changes the outcome of the prior decision.

**Defendant answers:**    **"Yes."**

**Plaintiff will answer:**    **"No."**

## <u>CONTROLLING AUTHORITIES</u>

Motions for Reconsideration are governed by Eastern District of Michigan Local Rule 7.1(h)(2), which provides in relevant part:

(2) Non-Final Orders.

Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(A) An intervening change in controlling law warrants a different outcome; or

(B) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

# <u>INDEX OF AUTHORITIES</u>

Page(s)

**Cases**

*D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 n.16 (1983)………………….. 3, 4, 5

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)…………… 4

*Hall v. Callahan*, 727 F.3d 450 (6th Cir. 2013)…………………………………… 4

*Heck v. Humphrey*, 512 U.S. 477 (1994)………………………………………4, 5

*Johnson v. De Grandy*, 512 U.S. 997 (1994)………………………………………… 5

*Lance v. Dennis*, 546 U.S. 459( 2006)………………………………………………5

*Skinner v. Switzer*, 562 U.S. 521 (2011)………………………………………… 5

*Gary B. v. Snyder*, 329 F.Supp.3d 344 (E.D. Mich. 2018)………………………… 5

**Other Authorities**

LR 7.1(h)(2)(A)……………………………………………………………..2, 6

**LOCAL RULE CERTIFICATION**

I, Krystal A. Crittendon, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ALEXANDRE ANSARI,**

      Plaintiff,

-vs-

**MOISES JIMENEZ, in his individual capacity,**

      Defendant.

Case No.: 2:20-cv-10719

Hon.: Stephen J. Murphy, III

---

**WOLF MUELLER (P43728)**
Mueller Law Firm
Attorneys for Plaintiff
41850 W. 11 Mile Road, Suite 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

**KRYSTAL CRITTENDON (P49981)**
City of Detroit Law Department
Attorney for Defendant Jimenez
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3049
(313) 224-5505 Fax
critk@detroitmi.gov

**SCOTT L. FEUER (P38185)**
Attorney for Def. Moises Jimenez
888 West Big Beaver Road, Suite 850
Troy, MI 48084
(248) 723-7828, Ext. 201
(248) 723-7857 Fax
sfeuer@fklawyers.com

---

## DEFENDANT MOISES JIMENEZ'S BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF ORDER <u>DENYING MOTION TO DISMISS (ECF No. 80)</u>

**NOW COMES** Defendant, Moises Jimenez, who states the following for his **Brief In Support of his Motion for Reconsideration of Order Denying Defendant's Motion to Dismiss,** timely brought pursuant to LR 7.1(h)(2)(A):

### Statement of Relevant Facts

On October 31, the Court issued its Order Denying (Defendant's) Motion to Dismiss Due to Lack of Subject Matter Jurisdiction. ECF No. 80. The Court's Order contains the following factual mistakes which Defendant now seeks to have the Court correct to protect the record:

   a. The Order states on page 1 that Defendant City of Detroit "settled" with Plaintiff. The City of Detroit did not settle with Plaintiff, but rather, the Court granted a Motion to Enforce Settlement filed by Plaintiff. [ECF No. 50]. This Motion had been opposed by Defendant City who argued that there was no agreement to settle. [ECF No. 55]. Defendant's Objections notwithstanding, the Court entered an Omnibus Order which granted Plaintiff's Motion to Enforce Settlement and dismissed all claims against Defendant City with prejudice and without costs. [ECF No. 56];

   b. The Order further states on page 1 that "rather than addressing the Court's show cause order, Defendant moved to dismiss both claims for lack of subject-matter jurisdiction." This statement is inaccurate. On October 3, 2022, Defendant filed its Response to the Court's Order to Show Cause why Case should not be Administratively Closed [ECF No. 74. [Please see ECF No. 77];

   c. Further, on page 2 of the Court's Order Denying Motion to Dismiss, this Honorable Court states that Kym Worthy "determined that Plaintiff was factually innocent of the crimes and agreed to a full exoneration." This contention is inaccurate. There is no evidence in this record that Kym Worthy has ever "determined that Plaintiff was factually innocent." The Stipulated Order Vacating Convictions and Sentences, Dismissing Charges, and Ordering Defendant

Released from the Michigan Department of Corrections does not state that Plaintiff is "factually innocent." [ECF No. 64-20, Page Id. 1398]. There has been no other documentation from Kym Worthy or the Wayne County Prosecutor's Office produced by Plaintiff which states that there has been a finding that he is "factually innocent."

As it relates to mistakes made in the Order denying Defendant's Motion to Dismiss which, if corrected, will change the outcome of the decision, Defendant respectfully submits that the Court erred when it failed to determine whether Plaintiff's state-court convictions were lawfully invalidated.  Defendant argued that Plaintiff's claims against Defendant were barred by the *Heck Doctrine* because his criminal conviction was not lawfully invalidated since it was purportedly effectuated by entry of a Stipulated Order rather than by the filing of a Motion for Relief from Judgment as required by MCR 6.502.  In denying Defendant's Motion, this Court recognized that "the Court must determine whether Plaintiff's underlying conviction or sentence is still valid." [ECF No. 80, PageID, 1976].  The Court then further concluded, however, that it "lacks authority to decide whether the State court followed State procedure when it vacated a State conviction." [ECF No. 80, PageID 1977].

In determining that the Court lacked authority to decide whether the Court followed State procedure, this Court cited to the *Rooker-Feldman* doctrine [ECF No. 80, PageID. 1978].  For the following reasons, Defendant respectfully requests that

3

this Honorable Court reconsider its Order Denying his Motion to Dismiss and enter

an Order dismissing Plaintiff's cause without prejudice.

## I. <u>Argument</u>

### B. The Court made a mistake in determining that it lacks authority to decide whether the State court followed State procedure when it vacated Plaintiff's State conviction which must be done to determine whether Plaintiff's claims are barred by the *Heck Doctrine*.

In its "Order Denying Motion to Dismiss" (ECF No. 80) this Court rightly

notes that it "must determine whether Plaintiff's underlying conviction or sentence

is still valid." ECF No. 80, PageID.1976 citing *Heck v. Humphrey*, 512 U.S. 477,

487 (1994). However, the Court indicates that it will not review whether the state

court's judgment vacating Plaintiff's conviction was lawful and valid. ECF No. 80,

PageID.1976. The Court cites the *Rooker-Feldman* doctrine for the proposition that

it "possesses no power" and "lacks authority" to determine whether the Stipulated

Order entered by the Michigan state court was a lawful judgment. *Id.* citing *Hall v.*

*Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (specifically invoking the "*Rooker-*

*Feldman* doctrine."). See also *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

U.S. 280, 292 (2005) (addressing *Rooker-Feldman*); and *D.C. Ct. of Appeals v.*

*Feldman*, 460 U.S. 462, 482 n.16 (1983). This ruling based on *Feldman* is mistaken

because Defendant was never a party to a state court judgment.

The United States Supreme Court specifically notes that "*Rooker-Feldman* is

not triggered simply by the entry of judgment in state court." *Exxon*, 544 U.S. at

292. The Supreme Court emphasizes the "narrow ground" of the *Rooker-Feldman* doctrine, stating that it is confined only to "cases brought by state-court losers inviting district court review and rejection of a state court's judgments" and "it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

The principle enumerated in the *Feldman* case is inapplicable in this case because Defendant was never a "state-court loser" on which he is seeking an appeal. He was never a *party* in which a state court judgment was entered. The Supreme Court has repeatedly "held *Rooker-Feldman* inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance v. Dennis*, 546 U.S. 459, 464 (2006); *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994). As the Sixth Circuit succinctly put it: "Clearly, a party cannot be said to be appealing a decision by a state court when it is not a party to the case. The *Rooker-Feldman* doctrine does not apply to bar a suit in federal court brought by a party that was not a party in the preceding action in state court." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).  This Honorable Court has specifically affirmed the principle that *Rooker-Feldman* is not applicable if the party to the federal case was not a party to the state court case. See *Gary B. v. Snyder*, 329 F.Supp.3d 344, 358 (E.D. Mich. 2018) (opinion of Murphy, J.). Similarly, Moises

Jimenez was not a party to the underlying state case and had no previous opportunity to argue whether the Order setting aside Plaintiff's conviction was invalid or even should have been granted.

The Court's reliance on *Feldman* in its opinion that it lacks authority to review whether Plaintiff's conviction was validly set aside is, therefore, a mistake. Correcting this mistake and ruling on the substantive matter that Plaintiff's conviction was not validly set aside will change the outcome of this Court's decision. Therefore, this court should grant reconsideration of its Order Denying Motion to Dismiss (ECF No. 80) and further grant Defendant's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction (ECF No. 75).

Motions for Reconsideration are governed by Eastern District of Michigan Local Rule 7.1(h), which provides, in pertinent part:

(2) Non-Final Orders.

Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

    (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

    (B) An intervening change in controlling law warrants a different outcome; or

    (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior

decision.

E.D. MI L. R. 7.1(h)(2).

In this case, as Defendant Moises Jimenez was not a party to the state court case and, therefore, *Rooker Feldman* is inapplicable.   Defendant respectfully requests, therefore, that this Honorable Court reconsider its Order Denying his Motion to Dismiss and enter an Order dismissing Plaintiff's cause without prejudice.

## **Prayer for Relief**

**WHEREFORE**, based on the reasons stated herein and in Defendant's brief in support of this motion, Defendant respectfully requests that this Honorable Court reconsider its Order and enter an Order granting Defendant's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction.

Respectfully submitted,

*/s/ Krystal A. Crittendon*
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3031
critk@detroitmi.gov

DATED:  November 4, 2022