UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI,

          Plaintiff,

Case No. 2:20-cv-10719

HONORABLE STEPHEN J. MURPHY, III

v.

MOISES JIMENEZ and CITY OF DETROIT,

          Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [81]

The Court denied Defendant Moises Jimenez's motion to dismiss. ECF 80. Defendant then moved for reconsideration under Eastern District of Michigan Local Rule 7.1(h)(2).[1] ECF 81. For the reasons below, the Court will deny the motion.

A party may move for reconsideration of a non-final order under Local Rule 7.1(h)(2). "Motions for reconsideration of non-final orders are disfavored," and the Court may grant them only on limited grounds. E.D. Mich. L.R. 7.1(h)(2)(A). Subsection (A) requires a three-part showing: "The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." *Id.*

Defendant lodged two arguments in his motion for reconsideration. ECF 81, PgID 1990–95. First, Defendant argued that the Court made three "factual mistakes which Defendant now seeks to have the Court correct to protect the record." *Id.* at

---

[1] No hearing or response to the motion is needed under Local Rule 7.1(h)(3).

1

1990. Second, Defendant argued that the Court "erred when it failed to determine whether Plaintiff's [S]tate-court convictions were lawfully invalidated." *Id.* at 1991. The Court will address Defendant's arguments in turn.

Defendant's first argument fails because it does not rest on a valid ground for reconsideration of non-final orders and because correcting the putative errors would not change the outcome of the Court's order. *See* E.D. Mich. L.R. 7.1(h)(2). Local Rule 7.1(h)(2) permits motions for reconsideration of non-final orders "only upon" three narrow grounds. "[P]rotect[ing] the record" is not one of the grounds. ECF 81, PgID 1990; *see id.* Defendant also implicitly admitted that correcting the supposed errors of fact in the Court's order would not change the outcome of the decision. *See* ECF 81, PgID 1991; E.D. Mich. L.R. 7.1(h)(2)(A). The Court will thus deny Defendant's first argument for reconsideration because it is not cognizable under any of Local Rule 7.1(h)(2)'s three grounds and because reconsideration of the facts would not change the outcome of the order.

Defendant's second argument fails because the Court did not make an error of law, and even if it did make an error of law, correcting the error would not "change[] the outcome of the [Court's] prior decision." E.D. Mich. L.R. 7.1(h)(2)(A). Defendant claimed that "[t]he Court made a mistake in determining that it lacks authority to decide whether the State court followed State procedure when it vacated Plaintiff's State conviction." ECF 81, PgID 1992. Defendant also argued that the Court's "ruling based on *Feldman* is mistaken." *Id.* And he contended that "[c]orrecting [the] mistake . . . will change the outcome of the Court's decision." *Id.* at 1994.

2

But the Court did not err. Defendant's motion for reconsideration misconstrued the Court's order when it stated that the Court relied on the *Rooker-Feldman* doctrine. ECF 81, PgID 1982, 1992–94. In fact, the Court did not rely on the doctrine. Instead, the Court cited *Feldman* and two other cases to support the general federalism principle that "[in the Judiciary Act of 1789] the lower federal courts were given certain powers . . . [but] they were not given any power to review directly cases from [S]tate courts, and they have not been given such powers since that time. *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *see* ECF 80, PgID 1977–78. Indeed, principles of federalism dictate that the federal and State systems "each [] proceed[] independently of the other with ultimate review in [the Supreme] Court of the federal questions raised in either system." *Atl. Coast Line R. Co.*, 398 U.S. at 285.

The cases on which the Court relied extracted the general principle that "comity require[s] federal courts to defer to a [S]tate's judgment on issues of [S]tate law." *Albrecht v. Treon*, 617 F.3d 890, 896 (6th Cir. 2010). Accordingly, the Court properly denied Defendant's motion on the ground that federalism concerns counseled against the Court reviewing a State court's judicial holding on a State procedural matter.

What is more, Defendant cited no authority that supported his claim that the Court may review whether a State court followed State procedure to invalidate a State conviction. *See* ECF 72. Based on the Court's research, no authority supports the claim. Consequently, if the Court erred, "correcting the mistake [of law]" would

3

not "change[] the outcome of the prior decision" because no law supported granting Defendant's motion to dismiss. E.D. Mich. L.R. 7.1(h)(2)(A); *see* ECF 75. The Court will deny Defendant's second argument for reconsideration because the Court was correct when it deferred to a State court's ruling on a State court procedural matter. *See* ECF 80, PgID 1977–78.

In sum, because neither argument warrants the Court's reconsideration, the Court will deny the motion.

**WHEREFORE**, it is hereby **ORDERED** that the motion for reconsideration [81] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

4