UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI,

          Plaintiff,

v.

MOISES JIMENEZ,

          Defendant.

                               /

Case No. 2:20-cv-10719

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING MOTIONS IN LIMINE
[88] AND [102] AND DENYING MOTIONS IN LIMINE [87] AND [90]**

Plaintiff Alexandre Ansari was convicted of murder in State court, and his conviction was later vacated. ECF 75-1, PgID 1909. After his release, Plaintiff sued Defendant Moises Jimenez for violating his Fourteenth Amendment right to due process of law. ECF 1, PgID 14–15. Specifically, Plaintiff alleged that Defendant knowingly or recklessly failed to turn over exculpatory evidence to the Wayne County Prosecutor's Office as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Id.* Trial is set for June 20, 2023. ECF 84. About three weeks before trial, the parties filed a joint final pretrial order. ECF 86. In the joint final pretrial order, the parties agreed that there are only two issues of fact to be litigated: (1) "[w]hether Defendant withheld evidence from the trial prosecutor about Jose Sandoval's involvement in the September 22, 2012, shooting"; and (2) "[w]hether Defendant ignored Sandoval's involvement as a suspect because Defendant was afraid of retaliation by Sandoval against Defendant's family members." *Id.* at 2012.

1

Nevertheless, Defendant moved in limine to exclude evidence that the Wayne County Conviction Integrity Unit determined, and recommended, that Plaintiff was innocent. ECF 102. And Plaintiff filed three motions to include evidence of his innocence—a fact not at issue here—because he feared that Defendant would "insist[] on taking the position that Plaintiff is guilty of the murder in the underlying case." ECF 87, PgID 2023; *See* ECF 87; 88; 90. And, argued Plaintiff, "[i]t is well settled that evidence of innocence is relevant to both liability and damages in any wrongful prosecution case where the factual premise of actual innocence remains in dispute." *Sanford v. Russell*, 531 F. Supp. 3d 1221, 1224 (E.D. Mich. 2021) (citing *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014)); ECF 87, PgID 2023. For the following reasons, the Court will exclude all evidence, testimony, or argument of the innocence or guilt of Plaintiff.

**LEGAL STANDARD**

I.   <u>Motions in Limine</u>

"[M]otion[s] in limine [are] an important tool available to a trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). And "[b]y making evidentiary rulings ahead of trial, the Court can facilitate wise preparation by the parties and prepare a smooth path for trial—particularly by casting aside inadmissible evidence that might confuse or prejudice the jury." *Dixon v. Grand Trunk W. R.R. Co.*, No. 2:13-14340, 2017 WL 5166868, at *1 (E.D. Mich. Nov. 8, 2017) (Murphy, J.) (citation omitted).

2

II. <u>Relevancy</u>

Federal Rule of Evidence 104(a) requires the Court to "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Evidence must be relevant to be admissible. Fed. R. Evid. 402; *Old Chief v. United States*, 519 U.S. 172, 178 (1997). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may still "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis." *Old Chief*, 519 U.S. at 180 (quotation omitted).

## DISCUSSION

Defendant has doggedly argued that Plaintiff's criminal conviction was improperly vacated, and he has steadfastly maintained that Plaintiff is guilty of the crimes of which he was wrongfully convicted. *See* ECF 75; 80; 86. Indeed, as recently as the final pretrial order, Defendant reiterated his view that the Court has no jurisdiction over the case because "Plaintiff's criminal conviction was vacated . . . in contravention of the Michigan Court Rules" and Plaintiff is therefore still an adjudicated murderer. ECF 86, PgID 2010. The Court rejected Defendant's view twice, ECF 80; 83, and unequivocally found that "no authority supports the claim" that "the Court may review whether a State court followed State procedure to

3

invalidate a State conviction." ECF 83, PgID 2000. Moreover, the parties *agreed* that Defendant's guilt or innocence of the underlying crime is not an issue of fact that will be litigated in the upcoming trial. *See* ECF 86, PgID 2012. Because Defendant's guilt or innocence is irrelevant to the narrow factual issue to be litigated—whether Defendant turned *Brady* and *Giglio* evidence over to the Wayne County Prosecutor's Office—all evidence of Defendant's guilt or innocence is inadmissible. *See* Fed. R. Evid. 402. Put simply, whether Plaintiff is guilty has no "tendency to make [whether Defendant violated Plaintiff's right to due process] more or less probable"; and whether Plaintiff is innocent has no "tendency to make [whether Defendant violated Plaintiff's right to due process] more or less probable." Fed. R. Evid. 401(a). The Court will therefore exclude any evidence offered by either party to show Plaintiff is guilty or innocent of the crimes underlying the case. Defendant may not argue, imply, or suggest; or offer testimony, evidence, or conjecture; or invite the jury to consider that Plaintiff is guilty of the crime of which he was wrongfully convicted. Nor may Defendant refer to his rejected argument that Defendant is still guilty because his conviction was improperly vacated.

What is more, any evidence that Plaintiff is innocent is irrelevant since Defendant may not suggest that Plaintiff is guilty. *See Sanford*, 531 F. Supp. 3d at 1224 ("It is well settled that evidence of innocence is relevant to both liability and damages in any wrongful prosecution case *where the factual premise of actual innocence remains in dispute.*") (emphasis added). Here, the factual premise of Plaintiff's actual innocence is not in dispute, and it is not one of the two issues of fact

4

that the jury will consider. *See* ECF 86, PgID 2012. Thus, beyond being irrelevant and without probative value, any evidence of Plaintiff's guilt or innocence is inadmissible under Federal Rule of Evidence 403 because there is a great danger that it will confuse the issues to be tried and mislead the jury.

In sum, no party may introduce evidence, testimony, or argument that Plaintiff is innocent or guilty. If either party does so, the other party may object on grounds of relevance or any other applicable ground. But either party may introduce any relevant evidence, testimony, or argument that Defendant did, or did not, turn over all *Brady* and *Giglio* evidence to the Wayne County Prosecutor's Office. For example, Plaintiff may offer evidence and testimony from the Wayne County Conviction Integrity Unit's investigation, so long as the evidence goes towards the issue of fact to be litigated and not Plaintiff's innocence.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that motions in limine [87] and [90] are **DENIED**.

**IT IS FURTHER ORDERED** that motions in limine [88] and [102] are **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 20, 2023

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 20, 2023, by electronic and/or ordinary mail.

s/ Richard Loury
Case Manager
