UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI, individually,

     Plaintiff,

-vs-

MOISES JIMENEZ, in his individual
Capacity,

     Defendant.

Case No. 2:20-cv-10719-SJM
Hon. Stephen J. Murphy

| | |
|---|---|
| WOLFGANG MUELLER (P43728) | KRYSTAL A. CRITTENDON (P49981) |
| JOHN WM. MARTIN, JR. (P42266) | ALFRED A. ASHU (P82536) |
| Attorneys for Plaintiff | City of Detroit Law Dept. |
| 41850 West 11 Mile Road, Suite 101 | Co-Counsel for Def Moises Jimenez |
| Novi, MI 48375 | 2 Woodward Ave., Ste 500 |
| (248) 489-9653 | Detroit, MI 48226 |
| wolf@wolfmuellerlaw.com | (313) 237-3049 |
| john@wolfmuellerlaw.com | critk@detroitmi.gov |
| | alfreda@detroitmi.gov |
| | |
| | SCOTT L. FEUER (P38185) |
| | Attorney for Def Moises Jimenez |
| | 888 West Big Beaver Road, Ste. 600 |
| | Troy, MI 48084 |
| | (248) 354-0380 |
| | slf@novaralaw.com |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO AMEND JUDGMENT TO INCLUDE
ATTORNEY FEES, COSTS AND PREJUDGMENT
<u>INTEREST</u>**

NOW COMES Defendant, **MOISES JIMENEZ**, by and through his

undersigned counsel, and for *Defendant's Response to Plaintiff's Motion to Amend*

*Novara Tesija Catenacci
McDonald & Baas, PLLC*

{2904893 }

***Judgment to Include Attorney Fees, Costs and Prejudgment Interest***, submits the following:

1.    Admitted.

2.    Admitted that Plaintiff prevailed on part of his 42 U.S.C. § 1983 claim filed against Defendant Jimenez but denied that Plaintiff prevailed on his 42 U.S.C. § 1983 claim filed against former Defendant, City of Detroit.

3.    Admitted.

4.    Admitted that Affidavits are attached to Plaintiff's motion but denied that the billings are "conservative" as alleged by Plaintiff.

5.    Defendant denies this allegation because the Plaintiff is claiming fees for a trial unrelated to the instant case.

6.    Defendant  denies this allegation.

7.    Admitted that Plaintiff requests an hourly rate but denied that the amount requested is reasonable.

8.    Defendant denies this allegation; the Median Rate for attorneys practicing Civil Rights is $350 per hour; Plaintiff's counsel is asking for almost triple the Median Rate.

9.    Denied.

10.    Defendant neither admits nor denies but leaves Plaintiff to his proofs.

Novara Tesija Catenacci
McDonald & Baas, PLLC

11.    Admitted.

12.    Denied.

13.    Admitted.

## **Prayer for Relief**

WHEREFORE, Defendant requests that the Court deny the amount of hours and the rates Plaintiff requested and award only hours reasonably expended, and that the court disallow the hours requested by Defendant as asserted in the attached brief, and also deduct a percentage amount as requested in the brief.  Defendant also requests that the court deny Plaintiff's request for reimbursement of certain costs.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

*/s/ Krystal A. Crittendon*
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendant
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3031
critk@detroitmi.gov

Dated:  May 13, 2024

Respectfully submitted,

NOVARA TESIJA CATENACCI
McDONALD & BAAS, PLLC

/s/ *Scott L. Feuer*
SCOTT L. FEUER (P38185)
Attorneys for Defendant Moises Jimenez
888 West Big Beaver Road, Suite 600
Troy, MI  48084; (248) 354-0380
Dated:  May 13, 2024            slf@novaralaw.com

UNITED STATES DISTRICT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI, individually,

      Plaintiff,

-vs-

MOISES JIMENEZ, in his individual
Capacity,

      Defendant.

Case No. 2:20-cv-10719-SJM
Hon. Stephen J. Murphy

| WOLFGANG MUELLER (P43728) | KRYSTAL A. CRITTENDON (P49981) |
|---|---|
| JOHN WM. MARTIN, JR. (P42266) | ALFRED A. ASHU (P82536) |
| Attorneys for Plaintiff | City of Detroit Law Dept. |
| 41850 West 11 Mile Road, Suite 101 | Co-Counsel for Def Moises Jimenez |
| Novi, MI 48375 | 2 Woodward Ave., Ste 500 |
| (248) 489-9653 | Detroit, MI 48226 |
| wolf@wolfmuellerlaw.com | (313) 237-3049 |
| john@wolfmuellerlaw.com | critk@detroitmi.gov |
| | alfreda@detroitmi.gov |
| | |
| | SCOTT L. FEUER (P38185) |
| | Attorney for Def Moises Jimenez |
| | 888 West Big Beaver Road, Ste. 600 |
| | Troy, MI  48084 |
| | (248) 354-0380 |
| | slf@novaralaw.com |

**BRIEF IN SUPPORT OF DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION TO
AMEND JUDGMENT TO INCLUDE ATTORNEY
FEES, COSTS AND PREJUDGMENT INTEREST**

Novara Tesija Catenacci
McDonald & Baas, PLLC

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ...................................................................... viii, ix

STATEMENT OF QUESTIONS PRESENTED ............................................x

MOST APPROPRIATE AUTHORITY.........................................................xi

LOCAL RULE CERTIFICATION ............................................................. xii

FACTS ........................................................................................................1

ARGUMENT...............................................................................................3

I.     THE COURT, IN ITS DISCRETION, MAY AWARD
       ATTORNEY FEES OR MAY REFRAIN FROM
       AWARDING ATTORNEY FEES, IN ITS DISCRETION.............3

II.    PLAINTIFF WAS NOT THE PREVAILING PARTY ON
       THREE OF THE FOUR CLAIMS ASSERTED BY
       PLAINTIFF IN HIS COMPLAINT, AND PLAINTIFF'S
       CLAIM FOR PUNITIVE DAMAGES WAS REJECTED BY
       THE JURY.....................................................................................4

III.   PLAINTIFF SHOULD NOT BE AWARDED THE
       HOURLY RATE REQUESTED. ......................................................5

IV.    PLAINTIFF IS NOT ENTITLED TO ALL THE HOURS
       REQUESTED AS THE AMOUNT OF TIME SPENT BY
       PLAINTIFF'S COUNSEL WAS NOT REASONABLY
       EXPENDED OR NECESSARY AND SOME OF THE
       WORK WAS SPENT PROSECUTING A BARRED CLAIM
       AGAINST THE CITY OF DETROIT.............................................7

V.     PLAINTIFF IS NOT ENTITLED TO COSTS BECAUSE
       HE FAILED TO ADHERE TO LOCAL RULE 54.1.....................11

VI.    PLAINTIFF'S     REQUEST     FOR     PREJUDGMENT
       INTEREST SHOULD BE DENIED BECAUSE THE
       PLAINTIFF WAIVED PREJUDGMENT INTEREST IN

Novara Tesija Catenacci
McDonald & Baas, PLLC

**EXCHANGE FOR THE DEFENDANT WAIVING REDUCTION OF THE JUDGMENT TO PRESENT CASH VALUE**.............................................................12

CONCLUSION..............................................................14

Novara Tesija Catenacci
McDonald & Baas, PLLC

# INDEX OF AUTHORITIES

**CASES:**

*Alcock-Ladd v. Sec'y of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000).....................4

*Arthur S. Langenderfer, Inc v. SE Johnson Co,* 684 F Supp 953, 957 (ND Ohio 1988) ...............................................................................................11

*Blissett v. Casey,* 969 F. Supp. 118, 131 (N.D.N.Y. 1997) ...............................4

*Blum v. Stenson,* 465 U.S. 886, 897 (1984) ...............................................4

*Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001) ...............................................................................9

*Butcher v. Bryson,* No. 3:12-00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) .......................................................................................9

*City of Burlington v. Dague,* 505 U.S. 557, 562 (1992) ...........................7

*Cleveland Area Board of Realtors,* 965 F Supp at 1021-1022 ..............10

*Copeland v. Marshall,* 641 F.2d 880, 891 (S.C. Cir. 1980) ..................3,4

*Coulter v. Tennessee,* 805 F.2d 146, 152 (6th Cir. 1986) .......................10

*Dowling v. Lipson Loan Servicing L.P,* 2009 U.S. App. LEIS 837 at 17 (6th Cir. 2009) ....................................................................................3

*Ford Motor Co. v. Lloyd Design Corp.,* 2002 U.S. Dist Lexis 17024 (ED. Mich 2002) .....................................................................................10

*Guckenberger v. Boston University,* 8 F. Supp. 2d 91, 101 (D. Mass. 1998) ........10

*Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) ...................................3,9

*Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983) ........................................9

*In re Olson,* 280 U.S. App. D.C. 205, 884 F2d 1415, 1429 (DC Cir. 1989) ..........11

*Loughner v. University of Pittsburgh,* 260 F.3d 178,-179 (3rd Cir. 2001) ...............4

*Louisville Black Police Officers Organization, Inc. v. Louisville,* 700 F.2d 268, 278-79 (6th Cir. 1983) ..............................................................4

*McDow v. Rosado,* 657 F.Supp. 2d 463, 466 (S.D.N.Y. 2009) .......................14

*Northcross v. Board of Education,* 611 F 2d 624, 636 (6th Cir. 1989) ..................10

*Oxford Venture Fund Limited Partnership v. City Group/Equipment Financing,* 1990 U.S. Dist. LEXIS 14838, 1990 WL 176102 (SD NY 1990) ........................11

*Riley v. Kurtz,* 361 F.3d 906, 91 (6th Cir. 2004) ......................................3

*United States v. Seaboard Surety Co.,* 817 F.2d 956, 966 (2d Cir. 1987) .............14

*Weinberger v. Great Northern Nekoosa Corp.,* 801 F. Supp. 804, 819 (D. Me 1992) ............................................................................10

Novara Tesija Catenacci
McDonald & Baas, PLLC

*White v. Morris,* 863 F. Supp. 607, 610 (S.D. Ohio 1994) .......................................3

*Woodbridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990) ...........9

*Yankee Candle v. Bridgewater Candle Co.,* 140 F Supp 2d 111, 124 (D Mass 2001 ....................................................................................................................11

## STATUTES:

MCL 691.1752(e) ..................................................................................................1

MCL 691.1755 .....................................................................................................1

42 U.S.C. § 1983 .................................................................................................2

42 U.S.C. § 1988 ..............................................................................................2,3

## COURT RULES/LOCAL RULES:

Local Rule 54.1 ................................................................................................11

Bill of Costs Handbook .................................................................................. 11,12

Novara Tesija Catenacci
McDonald & Baas, PLLC

## <u>STATEMENT OF QUESTION PRESENTED</u>

**I.    SHOULD THE PLAINTIFF BE AWARDED ATTORNEY FEES?**

Defendant answers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . "No"

**II.    IF THE COURT IN ITS DISCRETION DOES AWARD ATTORNEY FEES, IS $1000 PER HOUR REASONABLE?**

Defendant answers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . "No"

**III.    IF THE COURT IN ITS DISCRETION DOES AWARD ATTORNEY FEES, ARE THE HOURS CLAIMED BY THE PLAINTIFF REASONABLE, ACCURATE ACTUALLY SPENT?**

Defendant answers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . "No"

**IV.    IS PLAINTIFF ENTITLED TO COSTS EVEN THOUGH HE FAILED TO FOLLOW LOCAL RULE 54.1?**

Defendant answers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . "No"

**V.    IS PLAINTIFF ENTITLED TO PREJUDGMENT INTEREST EVEN THOUGH HE WAIVED PREJUDGMENT INTEREST IN EXCHANGE FOR A WAIVER OF REDUCTION TO PRESENT CASH VALUE?**

Defendant answers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . "No"

Novara Tesija Catenacci
McDonald & Baas, PLLC

## <u>MOST APPROPRIATE AUTHORITY</u>

- *Hensley v Eckerhart*, 461 U.S. 424 (1983).

- *Copeland v Marshall,* 641 F. 2d 880 (D.C. Cir. 1980).

- *City of Burlington v Dague*, 505 U.S. 557 (1992).

- *Northcross v Board of Education, 611 F. 2d*  624 (6th Cir. 1988).

Novara Tesija Catenacci
McDonald & Baas, PLLC

## <u>LOCAL RULE CERTIFICATION</u>

I, Scott L. Feuer, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Novara Tesija Catenacci
McDonald & Baas, PLLC

Novara Tesija Catenacci
McDonald & Baas, PLLC

## FACTS

This matter was filed on March 18, 2020 against the City of Detroit and former Detroit Police Officer Moises Jimenez. Plaintiff's four-count Complaint alleged the following theories of liability:   Count I – Fourth and Fourteenth Amendment "Fabrication of Evidence" by Defendant Moises Jimenez; Count II – Fourth Amendment "Malicious Prosecution" by Defendant Moises Jimenez; Count III - Fourteenth Amendment Due Process "*Brady*" Violation by Defendant Jimenez; and Count IV – "*Monell*" Liability of Defendant City of Detroit.  Only Count II survived *Defendant's Motion for Summary Judgment*.  Plaintiff's Counsel, Wolfgang Mueller, previously represented Plaintiff, Alexandre Ansari, in a proceeding wherein Plaintiff applied for and received $273,150.69 from the State of Michigan pursuant to Michigan's Wrongful Incarceration Compensation Act (hereafter, "WICA"), MCL 691.1755.  That Act provides that receipt of WICA funds "constitutes a complete release of all claims against this state" and defines "this state" at MCL 691.1752(e) as "the state of Michigan and is political subdivisions, and the agencies, department, commissions, and courts of this state and its political subdivisions."

A jury trial commenced in June 20, 2023.  After five days of trial, a mistrial was declared by this Honorable Court through no fault of Defendant.  In the morning of June 28, 2023, a group of individuals appeared in the gallery of the courtroom wearing t-shirts stating that they had been wrongfully incarcerated.  The individuals

left the courtroom and presented to the law offices of Goodman & Hurwitz that same afternoon and stood behind Attorney Julie Hurwitz as she conducted a press conference, announcing that she was filing a lawsuit against Defendant Jimenez which alleges that, as in the instant case, he had caused another individual to be wrongfully incarcerated. According to Plaintiff's Counsel, Mr. Mueller, Ms. Hurwitz assisted him in preparing the Jury Instructions for the *Ansari* matter. The press conference received extensive local and national media attention and was aired several times on Fox News (Channel 2), WDIV (Channel 4) and WXYZ (Channel 7).  At least one of these stations was stated by jurors during *voir dire* as the source from which they receive their news.

Following a second jury trial that took place in March of 2024, this Court entered judgment in favor of Plaintiff on the one constitutional claim which survived summary judgment and which was filed pursuant to 42 U.S.C. §1983.  Plaintiff has now filed a petition for attorney's fees and costs pursuant to 42 U.S.C. §1988, seeking an award of attorney's fees for Attorney Wolfgang Mueller in the amount of $723,900.00 and Attorney John W. Martin, Jr. in the amount $297,200.00 for a total of $1,021.100.00 and approximately $9,423.35.35 in taxable costs. (ECF No. 184, PageID.5329).

Novara Tesija Catenacci
McDonald & Baas, PLLC

## <u>ARGUMENT</u>

**I.   THE COURT, IN ITS DISCRETION, MAY AWARD ATTORNEY FEES, OR MAY REFRAIN FROM AWARDING ATTORNEY FEES, IN ITS DISCRETION.**

42 U.S.C. §1988, states in pertinent part:

...in any action or proceeding to enforce a provision of section... 1983... of this title, ... the court, in its **discretion**, **may** allow the prevailing party, other than the United States, a **reasonable** attorney's fee as part of the costs..." (Emphasis added)

In this case, an award of attorney fees is not justified. The operative language is that the Court **may**, in its **discretion**, award attorney fees. The converse to that is that the Court **may not**, in its **discretion**, award attorney fees. This includes reasonable appellate attorney's fees. Riley v. Kurtz, 361 F.3d 906, 915 (6th Cir. 2004); Dowling v. Lipton Loan Servicing L.P, 2009 U.S. App. LEXIS 8347 at 17 (6th Cir. 2009).

The fee award should be limited to those post-judgment motions that are "necessary to protect the Plaintiffs' rights." *White v. Morris*, 863 F. Supp. 607, 610 (S.D. Ohio 1994). Furthermore, the prevailing party should use "billing judgment" and make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Merely compiling a total of hours spent does not complete the inquiry, because time actually expended is not equal to time reasonably expended. *Copeland*

*v. Marshall*, 641 F.2d 880, 891 (D.C. Cir.  1980).  See also *Loughner v. University of Pittsburgh*, 260 F.3d 178, 178-179 (3d Cir.  2001) (reversing district court's decision to award attorney fees without carefully reviewing the number of hours expended). This Court has discretion to reduce documented hours that in its opinion, were not reasonably expended.  See *Louisville Black Police Officers Organization, Inc.  v. Louisville*, 700 F.2d 268, 278-79 (6th Cir.  1983) (upholding district court's reduction of excessive

hours).

Attorney fees are to be awarded with an eye to moderation, seeking to avoid either the reality or appearance of awarding "windfalls." *Blissett v. Casey*, 969 F. Supp.  118, 131 (N.D.N.Y. 1997) affirmed, 147 F.3d 218 (2nd Cir.  1998), *cert denied*, 527 U.S. 1034 (1997).  Again, a reasonable attorney's fee award does "not produce windfalls to attorneys." *Blum v.  Stenson*, 465 U.S. 886, 897 (1984).  See also *Alcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir.  2000).

## II.   PLAINTIFF WAS NOT THE PREVAILING PARTY ON THREE OF THE FOUR CLAIMS ASSERTED BY PLAINTIFF IN HIS COMPLAINT, AND PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES WAS REJECTED BY THE JURY.

Plaintiff has not prevailed in full. 75% of the claims asserted by Plaintiff have been dismissed. In addition, Plaintiff's counsel requested that the Jury award the Plaintiff millions of dollars in punitive damages. The Jury rejected that argument

Novara Tesija Catenacci
McDonald & Baas, PLLC

completely and awarded $0 in punitive damages. Those factors should be taken into account by the Court when making a discretionary call on attorney fees.

## III.   PLAINTIFF SHOULD NOT BE AWARDED THE HOURLY RATE REQUESTED.

Defendant asserts that a reasonable hourly rate for Plaintiff's attorneys is $350.  The 2023 State Bar of Michigan *Economics of Law Practice in Michigan Survey* supports Defendant's position that $350 is a reasonable hourly rate for their services.  (See Plaintiff's Exhibit 6).  The issues involved in this case are certainly not novel and address civil rights issues typical of issues with which he confronts in a civil rights practice. Plaintiff's counsel, by his own admission, has handled dozens of wrongful conviction cases and is well versed on this area of the law.

Defendant suggests that $350 per hour is a reasonable rate, based upon the State Bar of Michigan Survey. Fairness dictates that a reasonable rate not be at the bottom rate of what is typically charged, nor should it be at the top rate of what is typically billed. The Median Rate should be considered a reasonable rate. The rate should not be a windfall for the Plaintiff, nor should it be discounted for the Defendant. If one examines the different areas that are surveyed, based upon Plaintiff's counsels' experience, office location and area of practice, the Median Rates are between $250-$350 per hour. Most of the areas surveyed are not perfect representations of the Plaintiff's counsels' practice. For example, although their

location is in Oakland County, south of M-59, the case was tried in Federal Court, in Wayne County.

Since this was a Section 1983 Civil Rights case, Defendant suggests that the most accurate description to reflect a reasonable rate would be that of an attorney practicing in the area of Civil Rights. Although some of the Median Rates are lower, for example, for a sole practitioner, or for an attorney practicing in Oakland County south of M-59, the area of practice seems most relevant. Whether the Civil Rights case is in Oakland County, Washtenaw County or Wayne County, the rates for these types of cases do not change. Although the Median Rate for attorneys practicing in the area of Civil Rights is higher than the Median Rate for all other categories in which the Plaintiff's attorneys fall, Defendant suggests that the Median rate of $350 most accurately reflects what a true reasonable rate is; that is, reasonable rates that are actually charged and reasonable rates that are actually paid.

Plaintiff demonstrates his lack of good faith when he asks for $1,000 per hour. That is outrageous. Of course, they submit two affidavits from their buddies, one being counsel's former partner, to say that $1,000 per hour is reasonable. They say that because, number one, they want to help their friend and colleague get more money and two, the more judges that award these outrageous fees the better their chance of being paid those outrageous fees in the future. Nowhere is there any claim

Novara Tesija Catenacci
McDonald & Baas, PLLC

or any evidence that any client has ever paid them anything close to that type of Lodestar, hourly fee.

Plaintiff's counsel also claim that such a high fee is somehow justified because they were working on a contingent fee and they risked making nothing at all, if they had lost. The Supreme Court has held that enhancement of the fee awarded because there is a contingent fee is not permissible. *City of Burlington v Dague,* 505 U.S. 557, 562 (1992). Of course, Plaintiff's counsel will already be taking a huge fee, based upon their contingent fee agreement with the plaintiff. Another factor to consider is that there is no insurance coverage for this case. Any fee paid will be paid by the hardworking taxpayers of the City of Detroit. After all, the Plaintiff's attorneys will be handsomely compensated in this case, even if this Court denies their request for attorney fees.

## IV.  PLAINTIFF IS NOT ENTITLED TO ALL THE HOURS REQUESTED AS THE AMOUNT OF TIME SPENT BY PLAINTIFF'S COUNSEL WAS NOT REASONABLY EXPENDED OR NECESSARY AND SOME OF THE WORK WAS SPENT PROSECUTING A BARRED CLAIM AGAINST THE CITY OF DETROIT.

The two Plaintiff's lawyers request over $1 Million in attorney fees alone, in addition to what their fee, pursuant to their contingent fee agreement, will be. This is consistent with their continued overreaching in every aspect of this case. That is not just based on their request for $1,000 per hour, times two. The jury returned its

verdict in this case on Friday, February 16, 2024. Mr. Mueller is asking for $51,200 in attorney fees for the period of time between February 28, 2024 and April 6, 2024. These billing entries include time for appearance at trial during that period of time, motions that were never filed, a Judgment in March, etc. This request for $51,200 could not have reasonably been incurred for this case.

This Court should not have to flyspeck and analyze these purported billing Entries to determine what billing is legitimate and what billing is illegitimate. This also calls into question the billing entries during the period of time for trials in this case. For the most part, Plaintiff's attorneys have to be taken at their word, with respect to the time incurred. Mant of the billing entries are vague and non-specific. These gross exaggerations of the actual time spent on this case disqualifies Plaintiff from receiving additional compensation from this Court.

Mr. Martin's time entries are also exaggerated, vague and non-specific. In addition to all of the hours billed by Mr. Mueller, he billed 112.5 hours between June 15, 2023 and June 28, 2023, for "trial prep" in the first trial. He then ended up examining just one witness in the first trial, Todd Perkins. Mr. Martin then billed 170.2 hours between January 25, 2024 and February 26, 2024 for "trial prep" for the second trial. He did not examine any witnesses in the second trial, other than the video deposition of witness Robert Slameka.

Novara Tesija Catenacci
McDonald & Baas, PLLC

The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v Eckerhart*, 461 U.S. 424, 437 (1983). **To carry the burden, the attorney must present accurate time records** detailed enough to enable the Court to review the reasonableness of the time expended. *Woodbridge v Marlene Indus. Corp*., 898 F.2d 1169, 1177 (6ᵗʰ Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v W.Va. Dep't of Health & Human Res*., 532 U.S. 598 (2001). Courts then must review the billing claims for, and exclude, "[e]xcessive, redundant, or otherwise unnecessary hours." *Butcher v Bryson*, No. 3:12-00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014)(Citing *Hensley* 461 U.S. at 434). "The prevailing party did not use "billing judgment" and some of the hours were not reasonably expended but rather were, redundant, or otherwise unnessesary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (U.S. 1983).

Plaintiff should also not be awarded attorney fees for time spent on the claim asserted against the City of Detroit. Where counsel's work on a successful claim is unrelated to his work on an unsuccessful claim, work on the unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved and should not be awarded fees.  *Hensley v. Eckerhart,* 461 U.S. 424, 434-435 (1983).

Duplication of efforts and of work already done during the trial is excessive.

Novara Tesija Catenacci
McDonald & Baas, PLLC

See <u>Coulter v. Tennessee</u>, 805 F.2d 146, 152 (6th Cir. 1986). In <u>Coulter v. Tennessee</u>, 805 F.2d 146, 152 (6th Cir. 1986), the Sixth Circuit upheld a 50% reduction where duplication of efforts is a serious problem.

Although the importance of periodic conferences among counsel is recognized, the trial court should deduct hours for excessive time spent conferencing and strategizing and overstaffing. See *Guckenberger v. Boston University*, 8 F. Supp. 2d 91, 101 (D. Mass. 1998); *Weinberger v. Great Northern Nekoosa Corp.* , 801 F. Supp. 804, 819 (D. Me 1992), aff'd, 47 F.3d 463 (1st Cir.1995) (disallowed over 50% for co-counsel conferences).

A fee applicant's claimed hours may be cut for duplication, and padding *Northcross v. Board of Education*, 611 F 2d 624, 636 (6th Cir. 1989). Rather than attempting to determine the precise number of hours that were unreasonably expended, the court may simply reduce the fee award by a percentage to account for any excess. In *Ford Motor Co. v. Lloyd Design Corp.,* 2002 U.S. Dist Lexis 17024 (ED. Mich 2002) the court enunciated:

> "Courts have exercised their discretion to adjust fee submissions for a variety of abuses including (but not limited to) excessive intra-office conferences with co-counsel, telephone calls and simply when there are an excessive number of attorneys and staff billing time. *Northcross,* 611 F2d at 641 (5% reduction to account for minimal duplication of services); *Cleveland Area Board of Realtors*, 965 F Supp at 1021-1022 (10% reduction for excessive intra-office conferences and duplicated efforts

Novara Tesija Catenacci
McDonald & Baas, PLLC

by attorneys*); Oxford Venture Fund Limited Partnership v. Cit Group/Equipment Financing*, 1990 U.S. Dist. LEXIS 14838, 1990 WL 176102, (SD NY 1990)(mem.) (1/3 reduction for inflated time billed for unsuccessful telephone calls, excessive time spent briefing straightforward issues, conferences with co-counsel and time spent drafting memos to the file or co-counsel); *In re Olson*, 280 U.S. App. D.C. 205, 884 F2d 1415, 1429 (DC Cir 1989) (10% reduction for plethora of "strategy" conferences consuming time of several attorneys billing at very high rates); *Arthur S. Langenderfer, Inc v. SE Johnson Co,* 684 F Supp 953, 957 (ND Ohio 1988) (10% reduction for the use of 40 attorneys and support staff*); Yankee Candle v. Bridgewater Candle Co*, 140 F Supp 2d 111, 124 (D Mass 2001), aff'd, 259 F3d 25 (1st Cir 2001) (10% reduction for excessive conferences amongst co-counsel)."

The plaintiff has failed to meet this strict burden imposed on a party seeking fees. The award of fees is discretionary. Plaintiff's attorneys will be well compensated, without a separate award of additional attorney fees. Consequently, Plaintiff's Motion for Attorney Fees should be denied.

## V.   PLAINTIFF IS NOT ENTITLED TO COSTS BECAUSE HE FAILED TO ADHERE TO LOCAL RULE 54.1.

Plaintiff's request for costs should be denied. Plaintiff failed to follow Local Rule 54.1 (copy of Bill of Costs Handbook attached as Exhibit "A"), which requires a party seeking costs to file a bill of costs no later than 28 days after the entry of Judgment and to follow the Court's Bill of Costs Handbook. More than 28 days have elapsed since entry of judgment on April 2, 2024. The Bill of Costs Handbook

Novara Tesija Catenacci
McDonald & Baas, PLLC

provides that "**before any costs are taxed, a properly completed Bill of Costs form (attached) must be filed.**" *Bill of Costs Handbook* (Exhibit "A") at p.1 (Emphasis supplied).

Plaintiff failed to follow the Rules for the Eastern District of Michigan. His request for costs should therefore be denied.

## VI.   PLAINTIFF'S REQUEST FOR PREJUDGMENT INTEREST SHOULD BE DENIED BECAUSE THE PLAINTIFF WAIVED PREJUDGMENT INTEREST IN EXCHANGE FOR THE DEFENDANT WAIVING REDUCTION OF THE JUDGMENT TO PRESENT CASH VALUE.

Plaintiff is now also requesting prejudgment interest. If Plaintiff was going to seek prejudgment interest, that should have been done with the Jury, not now, after Judgment has been entered and Defendant has agreed to not seek a reduction of the award to present cash value. When working through the Jury Instructions to be given, the parties used, as an exemplar, the Model Civil Jury Instructions for the Western Distirct of Michigan. A copy of the relevant pages from those Model Jury Instructions is attached hereto as Defendant's Exhibit "B".

When attempting to arrive at mutually agreeable Jury Instructions, before and at trial, the parties discussed Model Jury Instructions CV 3.04C, which would instruct the Jury to reduce future damages to present cash value. As this Court knows, the Jury awarded the Plaintiff $6,500,000 in Past Compensatory Damages,

Novara Tesija Catenacci
McDonald & Baas, PLLC

and $3,500,000 in Future Compensatory Damages. Accordingly, a reduction to present cash value would be huge.

At the same time, the Plaintiff expressed an interest in prejudgment interest, which is contained in Model Jury Instruction CV 3.05A. Rather than requiring the Jury to have to perform the mathematical calculations involved in reducing an award of future damages to present cash value, and then calculating prejudgment interest, the parties agreed that defendant would waive any claim for reduction of future damages to present cash value, in exchange for Plaintiff waiving any claim for prejudgment interest.

Now that Plaintiff has received a multimillion dollar award, the Plaintiff wants to renege on the previous agreement and now wants the Court to calculate the award prejudgment interest to the plaintiff. Such gamesmanship should not be sanctioned buy this Court.

In addition, the relevant law is that the Plaintiff cannot receive prejudgment interest from the Court, after waiving such a claim with the Jury. The Jury in this case fully compensated the Plaintiff at trial with its verdict. They were not instructed on interest or reduction to present cash value. In the minds of the Jurors, their $10 Million verdict fully compensated Plaintiff for his alleged damages. As such, now going back and calculating prejudgment interest would be punitive, rather than compensatory. The purpose of the jury awarding prejudgment interest is supposed

Novara Tesija Catenacci
McDonald & Baas, PLLC

to be compensatory, not punitive. *McDow v Rosado*, 657 F.Supp. 2d 463, 466 (S.D.N.Y. 2009); *United States v Seaboard Surety Co*., 817 F.2d 956, 966 (2d Cir. 1987).

Plaintiff also claims, without authority, that the Michigan Statute on prejudgment interest should apply, even though the parties, when agreeing on certain Jury Instructions, were applying Federal Law. Needless to say, this is a Federal Case and Federal Law applies. The Court should reject outright these claims made by Plaintiff to, once again, at this late point in the litigation, shift the Rules that are being applied.

The Jury was instructed that if they find in favor of the Plaintiff, the Plaintiff should be wholly compensated. The Jury has wholly compensated Plaintiff. Plaintiff has waived any claim to additional monies by way of making a late request for prejudgment interest. That claim should be denied.

## **CONCLUSION**

The Plaintiff has been fully compensated fpr his alleged damages. His requests for attorney fees, costs and prejudgement should respectfully be denied, for the reasons set forth above. Defendant, Moises Jimenez, therefore, respectfully requests that this Honorable Court deny Plaintiff's Motion.

Novara Tesija Catenacci
McDonald & Baas, PLLC

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

***/s/ Krystal A. Crittendon***
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendant
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3031
critk@detroitmi.gov

Dated: May 13, 2024

Respectfully submitted,

NOVARA TESIJA CATENACCI
McDONALD & BAAS, PLLC

*/s/ Scott L. Feuer*
SCOTT L. FEUER (P38185)
Attorneys for Defendant Moises Jimenez
888 West Big Beaver Road, Suite 600
Troy, MI  48084; (248) 354-0380
Dated: May 13, 2024          slf@novaralaw.com

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on May 13, 2024, by: **X E-file - Counsel**

Signature:    /s/Alison L. Nieschulz
              ALISON L. NIESCHULZ