UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRE ANSARI,

    Plaintiff,

Case No. 2:20-cv-10719

HONORABLE STEPHEN J. MURPHY, III

v.

MOISES JIMENEZ,

    Defendant.
_____/

**ORDER GRANTING IN PART
MOTION FOR ATTORNEY'S FEES [184]**

A jury found that Defendant Moises Jimenez violated Plaintiff Alexandre Ansari's Fourteenth Amendment right to due process. ECF 162, PgID 3743–44. Plaintiff moved for attorney's fees, costs, and prejudgment interest. ECF 184. Defendant opposed the motion. ECF 185. For the reasons below, the Court will grant the motion in part.

**BACKGROUND**

In the interest of judicial economy, the Court will incorporate by reference the background section in its previous Order Denying Motions for New Trial and Judgment as a Matter of Law. ECF 189, PgID 5512–14.

**LEGAL STANDARD**

Under 42 U.S.C. § 1988, the Court, in its discretion, may allow the prevailing party in a § 1983 action reasonable attorney's fees as part of the costs. § 1988(b). When fees are merited, "[t]he Supreme Court has made it clear that the lodestar

1

method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statutes which provide for such fees." *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991) (citations omitted). The lodestar method requires the Court to "multiply[] the attorney's reasonable hourly rate by the number of hours reasonably expended." *Id.* (quoting *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990)).

When considering attorney's fees, the "primary concern is that the fee awarded be reasonable." A reasonable fee is 'adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) and *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)) (emphasis and internal citation omitted). The Court possesses substantial discretion to award fees, but "must provide a clear and concise explanation of its reasons for the fee award." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quotation omitted).

## DISCUSSION

Plaintiff moved for attorney's fees, costs, and prejudgment interest. ECF 184. Defendant opposed the motion. ECF 185. For the reasons below, the Court will grant Plaintiff *reasonable* attorney's fees and costs but will not grant Plaintiff's request for prejudgment interest.

I. <u>Attorney's Fees</u>

Despite Defendant's argument to the contrary, *see* ECF 185, PgID 5444, Plaintiff is the prevailing party and is entitled to fees under 42 U.S.C. § 1988(b). To be a "prevailing party" under § 1988, a plaintiff must receive "at least some relief on the merits his claim[s]." *Hewitt v. Helms,* 482 U.S. 755, 760 (1987). Here, a jury awarded Plaintiff $10 million on his Fourteenth Amendment due process claim. ECF 162. This substantial award certainly qualified as "some relief" on the merits.

Moreover, although the statute states that a district court "may" award fees, precedent dictates that in the absence of special circumstances, a district court *must* award fees to prevailing plaintiffs. *Wikol ex rel. Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004); *see also Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1 (1989) ("The prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'") (quotation omitted).

Because Plaintiff is entitled to attorney's fees, the Court will apply the lodestar method to determine a reasonable fee award. *See Gonter*, 510 F.3d at 616. Plaintiff requested an hourly rate of $1,000 for 1,021.1 hours of work, yielding a total award of $1,021,100. The Court carefully reviewed the submitted billing records, ECF 184-4, and comparable rates, ECF 184-7, and will award attorney's fees according to the reasoning below.

Generally, the billing records provided by counsel sufficiently detailed descriptions of the work completed. Counsels' described tasks were reasonable, and

3

the amount of time spent on each task was reasonable as well. *See generally* ECF 184-4. But between the two trials—the first of which resulted in a mistrial—Plaintiff's counsel block billed[1] more than 300 hours for trial-related work and used vague descriptions like "trial prep." *Id.* at 5368–71, 5386–89, 5392–96.[2] The Court cannot ascertain the reasonableness of the tasks undertaken or the time spent on those tasks based on such a vague description. *Howe v. City of Akron*, 705 F. App'x 376, 383 (noting that, although block billing is not per se prohibited, "if counsel's block billing relies on inadequate descriptions of the work performed, the district court may reduce the award accordingly.").

Indeed, Plaintiff's counsel provided plenty of detailed billing for trial preparation in addition to the block-billed time. *See generally* ECF 184-4, PgID 5388–94. For example, more detailed descriptions show that counsel billed for reviewing Defendant's drafted jury instructions and for preparing objections. *Id.* at 5393. But without more detail, it is unclear what sort of additional "trial prep" counsel did for more than three hundred hours and whether such an expenditure of time was reasonable. For instance, on February 7, 2024 counsel billed fifteen hours for "[t]rial and trial prep for next day." That statement may be true, but the trial lasted for only three and a half hours that day and no detail supported the entries. *See* ECF 168

---

[1] Trial preparation typically includes multiple discrete activities. Because billing one block of time under an umbrella term like "trial prep" obfuscates both which discrete activities counsel performed and how much time was spent on each activity, the Court views this practice as block billing.

[2] This figure includes time billed using phrases like "[t]rial and trial prep for next day" that goes well beyond the time of trial as reflected by the trial transcripts.

4

(showing the proceedings commenced at 9:00 a.m. and finished at 1:33 p.m.). While the Court appreciates that counsel had to arrive prior to proceedings, and likely did a good deal of trial preparation, the vague description submitted does not allow the Court to ascertain whether such preparation reasonably warrants the additional eleven and a half hours billed that day. And issues of that sort permeate counsel's trial and trial preparation billing statements.

Similarly, and more concerningly, counsel billed nine hours a day for five days of "trial attendance" weeks after trial ended. *Id.* at 5396 (showing "trial attendance" billed in mid-March 2024); ECF 163 (showing jury verdict returned February 16, 2024).[3] And even assuming counsel meant for these entries to reflect attendance during the trial in February, counsel already billed 8 to15 hours per day on the correct trial dates as "trial" and trial preparation. ECF 184-4, PgID 5395–96. If the Court is to accept both entries, counsel worked seventeen to twenty-four hours a day, each day of trial. The Court questions, especially with such vague entries, whether counsel's billing accurately reflects the time spent in trial and preparing for trial. Rather, it appears that counsel may be engaging in duplicative billing. And regardless, the Court does not believe expenditures of time like those are reasonable.

Considering the above deficiencies, the Court will apply a thirty-percent reduction to the fee award. *See Howe*, 705 F. App'x at 383 (affirming the district court's thirty-five percent reduction of the entire fee award for billing deficiencies);

---

[3] Counsel also billed three hours for trial preparation and six and a half hours for expert witness preparation in March—after trial concluded. ECF 184-4, PgID 5396–97.

*cf., Richard v. Caliber Home Loans, Inc.*, 832 F. App'x 940, 949 (6th Cir. 2020) (affirming a more than eighty-percent reduction of the entire fee award for limited success and serious billing deficiencies); *see also Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir. 1997) (holding "the district court may take such duplication into account by making a simple across-the-board reduction by a certain percentage."). The Court believes that reduction is appropriate given that the volume of "trial prep" hours appears excessive, because it cannot ascertain the reasonableness of the expended time based on the vague entries, and because it appears Plaintiff's counsel engaged in duplicative billing. Ultimately, the Court lacks confidence in the accuracy of the over four-hundred hours of vaguely billed time. *See Ohio Right to Life Soc., Inc. v. Ohio Elections Comm'n,* 590 F. App'x 597, 602–03 (6th Cir. 2014) ("It is the responsibility of the prevailing party's counsel to exclude from their fee request those hours that are excessive, redundant, or otherwise unnecessary . . . [and] to adequately document its hours.") (quotation omitted). The Court believes the thirty-percent reduction is adequately calculated to address its concerns regarding double-billing and the reasonableness of the time spent.

Next, Plaintiff requested a rate of $1,000 per hour. Plaintiff argued that the rate was reasonable given the nature of the case, the result achieved, the risk undertaken by counsel, and counsel's work experience. ECF 185, PgID 5346–49. The Court disagrees that such a rate is reasonable. To be sure, the above considerations justify a higher-than-average hourly rate, but they do not justify a rate of $1,000 per hour. In Michigan, the 95th percentile rate for attorneys with more than thirty years

6

of experience is $645 an hour. *Id.* at 5412. Similarly, the 95th percentile rate for civil-rights work is $710 an hour. *Id.* at 5414. A reasonable rate therefore would be between $645–710 per hour. The Court will award Plaintiff attorney's fees at a rate of $675 an hour. Applying the thirty percent reduction, Plaintiff is entitled to $482,469.75 in attorney's fees.

II. Costs

As the prevailing party, Plaintiff is entitled to costs. *See* Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920. Plaintiff should submit his bill of costs no later than twenty-eight days from the entry of the Order. *See* E.D. Mich. L.R. 54.1.

III. Prejudgment Interest

Plaintiff is not entitled to prejudgment interest. Prejudgment interest is awardable at the discretion of the district court. *E.E.O.C. v. Wooster Brush Co. Emps. Relief Ass'n*, 727 F.2d 566, 579 (6th Cir. 1984). In deciding whether a prejudgment interest award is appropriate, the Court should consider factors such as: (1) the need to fully compensate the wronged party for actual damages suffered; (2) considerations of fairness and the relative equities of the award; (3) the remedial purpose of the statute involved; and (4) such other general principles as are deemed relevant by the court. *Loesel v. City of Frankenmuth*, 743 F. Supp. 2d 619, 648–49 (E.D. Mich. 2010).

As a preliminary matter, Plaintiff argued that prejudgment interest should ordinarily be granted "unless exceptional or unusual circumstances exist making the award of interest inequitable." ECF 184, PgID 5353 (quoting *Laborers' Pension Tr. FundDetroit & Vicinity v. Fam. Cement Co.*, 677 F. Supp. 896, 898 (E.D. Mich. 1987)

(citing *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986)). But Plaintiff's authorities did not address an analogous context. The Court found no authority that generally applied prejudgment interest to compensatory damages for a § 1983 wrongful conviction, or other similar claims. Instead, prejudgment interest is generally awarded as a matter of course in cases involving backpay, like in cases for wrongful termination of employment. *See, e.g., Pucci v. Somers*, 834 F. Supp. 2d 690, 705 (E.D. Mich. 2011). In fact, in more similar cases, courts have denied prejudgment interest and distinguished a general award of compensatory damages from the award in employment discrimination cases. *See e.g., Tanner v. Borthwell*, No. 07-14579, 2013 WL 1148411, at *2 (E.D. Mich. Mar. 19, 2013) (noting that "unlike in an employment discrimination case," "Defendants did not deprive [Plaintiff] of money she would have otherwise had in the absence of their conduct."). In sum, Plaintiff did not support his contention that prejudgment interest must generally be awarded in this context.

Considering the factors above, Plaintiff is not entitled to prejudgment interest. The verdict fully compensated Plaintiff for the damages suffered. *See* ECF 163 (awarding Plaintiff $6.5 million in *past* compensatory damages and $3.5 million for future damages). The award is fair and equitable. Awarding prejudgment interest would produce a windfall for Plaintiff. And the Court therefore will not award it.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion for attorney's fees, costs, and prejudgment interest [184] is **GRANTED IN PART** and **DENIED IN PART** in accordance with the above.

**IT IS FURTHER ORDERED** that Plaintiff is **AWARDED $482,469.75** in attorney's fees.

**IT IS FURTHER ORDERED** that Plaintiff must **SUBMIT** his Bill of Costs **no later than twenty-eight days from the issuance of this Order**.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: October 10, 2024